Jackson, J.,
delivered the opinion of the Court.
The defendant contends, in the first place, that the plaintiff cannot recover in this action, because the covenants in the deed declared on are dependent, and the defendant was not bound to perform his part until the plaintiff had "paid the debt of the defendant to the Berkshire Bank.
The decision of such a question does not depend merely on the arrangement of the words, and the order in which *279 * they stand in the instrument; but on the nature of the [ * 305 ] transaction, and the order of time in which that requires
the covenants to be performed by the respective parties. Here the payment by the plaintiff is a condition precedent to the first covenant of the defendant, in which he engages to repay the amount to the plaintiff within six months afterwards. This is obvious from the nature of the acts to be performed, as well as from the time prescribed in the instrument for their performance.
But this condition does not extend to the other covenants of the defendant. Such a construction is not required by the words, and is inconsistent with the express intent of the parties. It is apparent that the plaintiff was to effect the discharge of the execution by a set-off of other executions, to be recovered upon notes of the bank which he then held, or intended to procure. Such a set-oft could not be effected, unless the executions against the bank were in the name of the defendant as creditor. The defendant accordingly authorizes the plaintiff to use his name in any suits “ that he may think necessary to accomplish the object aforesaid.” Such suits were contemplated as the means of effecting the payment and discharge of the execution ; and of course it was not understood that the plaintiff must pay the debt, before he should be authorized to maintain the suits.
The defendant was protected against any loss or inconvenience, in case the experiment should not succeed, as the suits were to be conducted at the risk and expense of the plaintiff; and even if the bank had found means to levy their execution, before the others could be procured to set off" against it, the defendant would not have been in a worse condition than if this contract had never been made, and would not have been justified in releasing the suits then pending. The prosecution of those suits, which were instituted in pursuance of this agreement, could not prejudice the defendant; but the release which he executed was an injury to the plaintiff.
The second objection is, that the defendant could not assign the judgments and executions, because there were none * to assign; they being discharged and defeated by the [ * 306 ] release which he gave; and that there is no covenant on his part that he would not make such a release.
But we are all of opinion that the release of the defendant is substantially a breach of his covenant. He authorizes the plaintiff to sue in his name, and then covenants that he will assign all the judgments and executions which the plaintiff may so obtain ; after which, by his own voluntary act, he puts it out of his power to make such assignment. Or, to present it in another view, he covenants to assign and convey a valuable thing to the plaintiff; and *280 before the time prescribed for the conveyance, he destroys the thing, or renders it of no value.
There are many adjudged cases, showing that, in either view, the act of the defendant is a breach of his covenant. Sir Anthony Main’s case, reported 5 Co. 21, and in other books, (1) applies to the first view of this question.
As to the spoiling or destruction by the covenantor of the thing to be conveyed or delivered, that is decided to be a breach of the covenant to convey or deliver, in the case so often cited of the brewer’s grains, which, before delivery, were rendered unfit for use by mixing hops with them. (2) So, in Teat’s case, (3) which more nearly resembles the present, the defendant was bound to deliver to the plaintiff a certain obligation of the plaintiff: he did deliver it at the time prescribed; but had previously put it in suit, and recovered judgment upon it against the plaintiff: this was holden to be a breach. There is a similar case in 1 Sid. 48, Robinson vs. Aunts, on a covenant to deliver up a statute merchant to be cancelled, where the covenantor tendered the statute at the day, but had previously sued out execution upon it. If there were no more direct, authorities on this point, the reason of the thing, and the manifest justice of the case, would show that the defendant has not substantially kept his covenant.
A third question, and the only one which has excited any doubts ' in our minds, is, whether the breach of covenant, [ * 307 ] * supposing it to consist in the making of this release, is well assigned in the declaration.
It would, perhaps, have been more correct to have stated and relied on this, as the only breach of the covenant. And I cannot avoid remarking, although it is not material in the decision of this cause, another fault in this declaration, which is not uncommon in different parts of the state. It is in stating the effect of the instrument, or intent of the parties, by way of innuendo. This course is necessary in declarations or indictments for libels or for slander; because there the very words of the defendant must be set forth; and if their meaning is not manifest and certain, it must be averred in this manner, so that it may be put in issue. But in declaring on written contracts, it is not necessary to use the words of the party; but the plaintiff may declare according to their legal effect. If in this way he states the true meaning of the ^instrument, there is no need of the innuendo. If he does not, an innuendo will not aid him. If the *281 ambiguity consists in the name of any person, it may be removed by an alias dictus.
As to the principal question, we are well satisfied that the release executed by the defendant is substantially alleged as a breach of the covenant. The pleader, who drew the declaration, might not, perhaps, have had this in his mind, as the specific breach on which he relied; as he would not probably, in that case, have proceeded to state the refusal to assign the judgments. If the latter averment had been omitted, there would probably have been no doubt about it. There is, in 5 East, 266, a case very much stronger than the present. That was on a covenant by a feme sole to abide and perform an award. She was afterwards married, and then an award was made; and the action was brought against the husband and wife, for not performing the award. They pleaded non est factum, and, after verdict against them, moved in arrest of judgment, because the marriage, which was set forth in the declaration, was a revocation of the authority of the arbitrators, and so there never was any such award, for the non-performance of which they were sued. * But it was decided that the marriage itself, [ * 308 ] being a revocation of the submission, was a breach of the covenant to abide the award; and although this was not assigned as a breach in the declaration, yet the Court, upon a view of the whole record, must see that the defendant had broken the covenant declared on. The verdict in that case did not aid the declaration ; as the jury, in finding that the instrument in question was the deed of the woman, could not be supposed to have found any fact relating to that part of the declaration, which was afterwards in question. The question, therefore, was substantially the same as it would have been on a general demurrer, (a)

Declaration adjudged good.

 2 And. 18.—Moor. 452. — Cro. Eliz. 450, 479__Poph. 109. — Jenk. 236, S. C.

 Sir T. Raym. 464, Griffith vs. Goodhand. — Sir Th. Jones, 191, S. C.

 Cro. Eliz. 7.

 Platt on Covenants, 139, 140—156. — Seldon vs. Senate, 13 East, 63. — Ear of Shrewsbury vs. Gould, 2 B. & A. 487.— Webb vs. Plummer, 2 B. & A. 746. — Randall vs. Lynch, 12 East, 179.