MARGARET COWEN *vs.* MEHITABLE SUNDERLAND.

Norfolk. November 18. — 23, 1887. W. ALLEN, J., absent.

In an action for personal injuries occasioned to the plaintiff by falling into a cesspool upon premises owned by the defendant, and occupied by the plaintiff as a tenant at will, there was evidence that the plaintiff did not know of the existence or location of the cesspool; that it was in the yard she had hired and was entitled to use; that it was covered with boards, over which were from four to six inches of earth on which grass and weeds were growing; that it presented the same appearance as the rest of the yard; that it had never been pointed out to her; that it was where she passed over it in her use of the yard; that the boards which covered it were rotten and decayed; that, in stepping upon this covering of the cesspool, she sank into it and was injured; that this cover had been repaired with old boards some time before by the defendant's direction; and that the defendant was present when this was done. *Held*, that this evidence should have been submitted to the jury.

TORT for personal injuries occasioned to the plaintiff by falling into a cesspool upon premises owned by the defendant, and occupied by the plaintiff as a tenant at will. Trial in the Superior Court, before *Hammond*, J., who ruled, as requested by the defendant, that there was no evidence which would authorize a verdict for the plaintiff; directed a verdict for the defendant; and, at the plaintiff's request, reported the case for the determination of this court. If the ruling and direction were

wrong, the verdict was to be set aside; otherwise, judgment to be entered on the verdict. The facts appear in the opinion.

*J. E. Cotter & C. F. Jenney*, for the plaintiff.

*C. P. Gorely & A. L. Bartlett*, for the defendant.

DEVENS, J. It is a general rule, well established by the decisions of this court, that the lessee takes an estate in the premises hired, and takes the risk of the quality of the premises, in the absence of an express or implied warranty by the lessor, or of deceit. If, therefore, he is injured by reason of the unsafe condition of the premises hired, he cannot ordinarily maintain an action, in the absence of such warranty or of misrepresentation. The rule of *caveat emptor* applies, and it is for the lessee to make the examination necessary to determine whether the premises he hires are safe, and adapted to the purposes for which they are hired.

There is an exception to this general rule, arising from the duty which the lessor owes the lessee. This duty does not spring directly from the contract, but from the relation of the parties, and is imposed by law. When there are concealed defects, attended with danger to an occupant, and which a careful examination would not discover, known to the lessor, the latter is bound to reveal them, in order that the lessee may guard against them. While the failure to reveal such facts may not be actual fraud or misrepresentation, it is such negligence as may lay the foundation of an action against the lessor, if injury occurs. The principle, that one who delivers an article which he knows to be dangerous to another ignorant of its qualities, without notice of its nature or qualities, is liable for any injury reasonably likely to result, and which does result, has been applied to the letting of tenements. It has thus been held that, where one let premises infected with the small-pox, and injury occurred thereby, he was liable, if, knowing this danger, he omitted to inform the lessee. *Minor* v. *Sharon*, 112 Mass. 477. This case proceeded upon the ground of the lessor's negligent failure to perform a duty which he owed the lessee; and it was not deemed important whether the omission to give the information was intentional or otherwise. See also *Bowe* v. *Hunking*, 135 Mass. 380, and cases cited; *Tuttle* v. *Gilbert Manuf. Co.*, *ante*, 169.

Obviously, there may be many concealed defects and dangers about a house which careful examination will not discover. If these are known to the lessor, it is for him to reveal them. Traps or contrivances may exist by means of which the most careful occupant might be injured. "Such traps or contrivances," says Mr. Justice Field, "are not merely a want of repair; they are, in a sense, active agencies of mischief, which no tenant would expect to find in even a decayed and ruinous tenement." *Bowe* v. *Hunking, ubi supra.*

In *Reichenbacher* v. *Pahmeyer*, 8 Bradw. 217, the defect alleged was in the manner of hanging a chandelier. The chandelier was hung unsafely, and the lessor knew it, and did not disclose this fact to the lessee. It was not apparent to an observer. It was held that the lessor was liable to a servant of the lessee who was injured by its fall. See also *Scott* v. *Simons*, 54 N. H. 426; *Godley* v. *Hagerty*, 20 Penn. St. 387.

In *Bowe* v. *Hunking*, it was held that the case then at bar was not within the exception to the general rule, by which a lessor is rendered liable for negligence of this character. There was no evidence that the defective step by which the injury in that case occurred was known to the lessor or her agent to be unsafe; and, further, this defect itself was obvious, and whatever danger existed was readily seen by examination.

In the case at bar, as the plaintiff presented it, there was evidence that she did not know of the existence or location of the cesspool; that it was in the yard she had hired and was entitled to use; that it was covered with from four to six inches of earth on which grass and weeds were growing; that it presented the same appearance as the rest of the yard; that it had never been pointed out to her; that it was where she passed over it in her use of the yard; that the boards which covered it, and on which the earth rested, were rotten and decayed; and that, in stepping upon this covering of the cesspool, she sank into it and was injured. There was further evidence that this cover had been repaired with old boards some time before, by the defendant's direction; and that the defendant was present when this was done. From the testimony of the witnesses of these repairs, the jury might fairly have inferred that it was left in an unsafe state, and known to be so.

Upon these facts, the learned judge erred in withdrawing the case from the jury. It should have been submitted, with proper instructions, to determine whether the defendant knew the defective covering of the cesspool and the danger therefrom, and had negligently omitted to inform the plaintiff, and whether the plaintiff herself, making careful examination, had been injured thereby by reason of a want of proper information.

*Verdict set aside.*