CHARLES P. STEVENS *vs.* ANDREW PIERCE.

Middlesex.    January 9, 1890. — February 27, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Lease of Dwelling — Implied Covenant of Fitness for Habitation — Extrinsic Evidence — Former Judgment — Election.*

A covenant is not implied in a written lease of a dwelling-house that the premises are fit for habitation; and evidence that the lessor represented at the time of letting that the house was in good sanitary condition is incompetent in an action for breach of the contract.

The lessee of a dwelling-house, under a written lease containing no covenants as to its fitness for habitation, was made ill and was obliged to remove from it because of its bad sanitary condition. After recovering damages in an action of tort against the lessor for false and fraudulent representations respecting the sanitary condition of the premises, the lessee afterwards brought an action against him to recover the rent paid by him, and other expenses growing out of his occupation of the premises. *Held*, that the action could not be maintained.

CONTRACT, on an account annexed, to recover rent paid under a written lease from the defendant to the plaintiff, and for expenses growing out of the occupation of the defendant's dwelling-house. The account annexed consisted of items of rent paid to the defendant, of the expense of caring for and of moving to and from the premises, for repairs thereon, and for the remuneration of the plaintiff and his wife for their services respecting them. Writ dated November 18, 1886.

At the trial in the Superior Court, without a jury, before *Mason*, J., there was evidence that the defendant gave a written lease of a dwelling-house and lot of land to the plaintiff on September 10, 1884, for a year, with the privilege of renewal, the lease containing no covenants as to the sanitary condition of the premises; that he occupied the premises with his family from that date until June, 1885; that the premises were in bad sanitary condition during that period, and he and his wife became ill during such occupation, and moved away from the premises because of their condition; and that he paid the rent for the time he occupied the premises to the defendant under protest. The plaintiff put in evidence the record of a former action between the parties, brought by him on August 12, 1885, by which it appeared that the plaintiff recovered damages against the defendant on May 1, 1886, for false and fraudulent representations made by him respecting the sanitary condition of the house at the time of the letting, which judgment he satisfied on the same day. The plaintiff offered evidence, which was excluded, as to the representations made by the defendant that the house was in good sanitary condition, which representations were not true. The plaintiff also introduced evidence that the services and the expenditures set out in his account annexed were rendered and made, and that they were not passed upon in the former action.

The judge, without passing upon the question of *res judicata*, ruled, as matter of law, that the plaintiff could not maintain the action, and found for the defendant; and the plaintiff alleged exceptions.

*J. W. Hubbard*, for the plaintiff.

*I. R. Clark & J. H. Fiske*, (*F. Ranney* with them,) for the defendant.

KNOWLTON, J. The plaintiff occupied the defendant's house under a written lease, which contained no covenants as to its condition. There was evidence that it was in bad sanitary condition, and that the plaintiff and his family were made sick, and were obliged to remove from it on that account. This action is brought in contract, to recover the amount paid as rent for the property, and various sums expended in the care of the premises, in making repairs, and in removing to and from the house, and also compensation for labor of the plaintiff and his

wife in taking possession of the real estate and using it under the lease.

It is well settled that there is no implied covenant in a lease of this kind that the premises are fit for habitation. The doctrine *caveat emptor* applies, and the rule is the same in reference to a lease of a dwelling-house as to a conveyance of real estate of any other kind. *Foster* v. *Peyser*, 9 Cush. 242. *Bowe* v. *Hunking*, 135 Mass. 380. *Cowen* v. *Sunderland*, 145 Mass. 363. The plaintiff therefore has no cause of action growing out of the contract under which he held the premises. Nor can he, for the purpose of claiming damages for a breach of the contract, prove that the defendant represented to him, when he leased him the house, that it was in good sanitary condition; such evidence is incompetent, as tending to vary and enlarge the written contract. *Dutton* v. *Gerrish*, 9 Cush. 89.

If a wrong was done the plaintiff such as he alleges, his only remedy was in tort, for fraud and deceit in inducing him to take the lease, or for negligence in failing to inform him, if by reason of a concealed defect which could not readily be discovered, and which was known to the defendant and unknown to him, the house was dangerous to those who might occupy it. *Minor* v. *Sharon*, 112 Mass. 477. *Bowe* v. *Hunking*, 135 Mass. 380. *Cowen* v. *Sunderland*, 145 Mass. 363. *Cutter* v. *Hamlen*, 147 Mass. 471. The plaintiff has already brought a suit and recovered a judgment upon this cause of action, and if at the trial of that case he failed to show all the damages that he suffered, he cannot now recover them in an action of contract.

According to the account annexed to his declaration, all that he paid out was paid as lessee, in pursuance of the contract between him and the defendant. It is only upon a rescission of the contract that a cause of action would arise in his favor for any part of this account. In many cases of fraud, a contract may be rescinded by the party defrauded and the consideration recovered back. But before that can be done, he must return to the other party that which he received under the contract. If, instead of so doing, he elects to seek his remedy by a suit for damages caused by the fraud, he may recover all his damages in that suit. And he so far affirms the contract that he cannot recover back the consideration. *Bassett* v. *Brown*, 105

Mass. 551. *Seavey* v. *Potter*, 121 Mass. 297. *Snow* v. *Alley*, 144 Mass. 546.

Without considering whether a lessee can in any case rescind a lease for fraud, and maintain an action for the rent paid, after having occupied the leased premises for many months, (see *Milliken* v. *Thorndike*, 103 Mass. 382,) it is clear that in the present case there is no implied contract by which the plaintiff can recover, either for rent paid, or for any other expenses growing out of his occupation of the defendant's house.

*Exceptions overruled.*