ELIZABETH BOOTH *vs.* GEORGE D. MERRIAM & others.

Suffolk.　January 21, 1891. — February 24, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Landlord and Tenant — Fitness for Habitation —
Liability of Landlord.*

The tenant of a dwelling-house, while crossing the yard about three months after hiring the premises, stepped upon the cover of a cesspool which she did not know was there, and, the cover giving way, fell in and was injured. The cover was of iron, level with the surface of the ground, and was set in a wooden frame; and the accident happened solely because the frame was old and out of repair. *Held*, that the landlord was not liable for her injuries.

TORT, for personal injuries occasioned to the plaintiff by falling into a cesspool upon land of the defendants, negligently suffered by them to be out of repair.

At the trial in the Superior Court, before *Mason*, C. J., there was evidence tending to show that the defendants were the owners of the house numbered 29 on Harvard Street in Boston, which set back from the street fifty or sixty feet, and of a yard in front of the house, and also another yard in the rear of the house; that the plaintiff's son, acting for his mother, hired the house of the defendants' agent, by a parol lease at a monthly rent, about three months before the time of said accident, and the plaintiff had lived therein for these three months, carrying on the business of keeping boarders; that when the house was hired nothing was said about any yard, either in front or in the rear of the same; that the front yard was used to gain access to the house, and also to three or four other houses; that the yard in the rear was apparently designed only to be used by those occupying said house No. 29; that the cesspool was situated in the yard back of the house, and was used as a receptacle of the water that ran from the sink in the house, and was covered by a wooden frame, into which was set an iron cover; that the plaintiff, on the day of the accident, went out of the back door of said house, and started to go to a tub, which was placed under a window at the rear of said house, for the purpose of putting a piece of meat under the tub, this

being where the plaintiff kept her meat; and that in walking from the back door towards the tub she stepped upon the iron cover, which was on a level with the surface of the ground, when it suddenly fell, causing the plaintiff to fall into the cesspool, and injuring her severely. The evidence tended to show that the plaintiff did not know anything about the location of the cesspool, nor the manner in which it was covered, and that she did not notice anything about it at the time; that the wooden frame in which the iron cover was placed had become so badly decayed as to be incapable of holding any weight; and the plaintiff contended, upon the evidence, that it must have been in the same condition at the time when said house was hired as aforesaid. No question was made that the plaintiff did not exercise due care.

Upon the above evidence, the judge ruled that the defendants would not be liable to the plaintiff in this action, and that the action could not be maintained.

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*E. J. Jenkins & W. B. Orcutt*, for the plaintiff.

*L. M. Child*, for the defendants.

KNOWLTON, J. In an ordinary lease of a dwelling-house there is no implied covenant that the premises are in good repair or fit for habitation. " The rule of *caveat emptor* applies, and it is for the lessee to make the examination necessary to determine whether the premises he hires are safe, and adapted to the purposes for which they are hired." *Cowen* v. *Sunderland*, 145 Mass. 363. *Stevens* v. *Pierce*, 151 Mass. 207. If there is a concealed defect that renders the premises dangerous which the tenant cannot discover by the exercise of reasonable diligence, of which the landlord has or ought to have knowledge, it is the landlord's duty to disclose it, and he is liable for an injury which results from his concealment of it. *Cowen* v. *Sunderland, ubi supra. Minor* v. *Sharon*, 112 Mass. 477. *Bowe* v. *Hunking*, 135 Mass. 380. *Martin* v. *Richards, ante,* 381.

The plaintiff contends that this case shows the existence of such a defect, and that it is like *Cowen* v. *Sunderland*, in which it appeared that there was a cesspool covered with decayed boards and earth four to six inches deep, on which grass and

weeds were growing, in a yard hired by the plaintiff, and that it had been repaired with old boards some time before by the defendant's direction. The case at bar differs from that in important particulars. There was an iron cover set in a wooden frame which covered the cesspool, and was level with the surface of the ground, thereby disclosing to everybody that there was a covered excavation there designed for use. The accident happened solely because the frame was old and out of repair, and there is nothing to show that its condition was not easily discoverable on examination, or that the defendant had actual knowledge of its condition, or was culpably responsible for it. It was as much the duty of the plaintiff, when she hired the house and yard, to examine the premises and ascertain whether they were in such repair that she could safely use them, as of the defendant. The case is similar to *Bowe* v. *Hunking, ubi supra,* and it falls within the general rule that a tenant cannot recover for an injury received by reason of the want of repair of the premises hired.　　　　　　*Exceptions overruled.*