SCHWALBACH v. SHINKLE, WILSON & KREIS CO. et al.

(Circuit Court, S. D. Ohio, W. D.   April 1, 1899.)

No. 5,279.

1. LANDLORD AND TENANT—UNSAFE PREMISES—LIABILITY FOR INJURY TO THIRD PERSONS.

Where leased premises are insufficient and unsafe for the purpose for which they are leased, and such fact is known to the lessee when the lease is made, or is apparent on reasonable inspection, the lessor is not liable to one injured by reason of the using of the premises by the lessee in their unsafe condition.

**2. SAME—ACTION FOR INJURIES—JOINDER OF DEFENDANTS.**

A petition, however, alleging such facts, in an action brought against the lessor and lessee jointly to recover for such an injury, is not demurrable on the ground that it joins separate causes of action against the several defendants, as, if the lessor were liable at all, he would be liable jointly with the lessee.[1]

This is an action to recover for the wrongful killing of plaintiff's intestate. Heard on demurrer to petition for misjoinder of causes of action.

Cohen & Mack, for plaintiff.

Bromwell & Bruce and Maxwell & Ramsey, for defendants.

THOMPSON, District Judge. This case is submitted on demurrer to the petition for misjoinder of causes of action.

With reference to the liability of lessor and lessee for injuries to persons caused by defective and unsafe buildings, the following propositions, some of which are, and some of which are not, applicable to the case at bar, can, I think, be regarded as settled law: (1) If, when let, the premises are in a condition which is dangerous to the public, or with a nuisance thereon, the lessor may be liable to strangers for injuries resulting from such condition or nuisance; for, by letting them and receiving rent therefor, he is to be regarded as authorizing the continuance of the condition or nuisance. (2) If the tenant occupying the premises permits the condition or nuisance to remain, he is jointly as well as severally liable for injuries occasioned thereby. (3) In the absence of express warranty, there is no implied warranty on the part of the lessor that the demised premises are safe or reasonably fit for occupation, and the lessor is not answerable to the lessee, or those in privity with him, for defects in the building which the lessee could, by reasonable inspection, have discovered at the time of the letting. (4) But if the lessor fraudulently conceals such defects, or if he fails to disclose latent defects known to him and not known to the lessee, nor discoverable by reasonable inspection of the building, he is liable, as for negligence, for injuries resulting from such defects. (5) If such defects are not known, nor by the exercise of reasonable care could have been known, either by the lessor or by the lessee, then any injury resulting therefrom must be regarded as caused by inevitable ac-

---

[1] Where premises are leased in a ruinous or defective condition, the owner is jointly liable with the tenant for injuries resulting to third persons. Joyce v. Martin (R. I.) 10 Atl. 620; Stenberg v. Wilcox (Tenn. Sup.) 33 S. W. 917, 34 L. R. A. 615; House v. Metcalf, 27 Conn. 631; Knauss v. Brua, 107 Pa. St. 85. And where landlord leases premises with a defective coal hole in the sidewalk in front of such premises, both landlord and tenant, as well as the city, are liable individually or jointly to one injured by such negligence. Mancuso v. Kansas City, 74 Mo. App. 138, 1 Mo. App. Rep'r, 218; Irvine v. Wood, 51 N. Y. 224; Davenport v. Ruckman, 37 N. Y. 568, affirming 10 Bosw. 20. The burden of proof, however, in cases where the tenant has covenanted to repair, is upon the person injured to show knowledge on the part of the owner of the defective condition. Manufacturing Co. v. Lindsay, 10 Ill. App. 583. The rule is the same whether the action be for nuisance or negligence. See Timlin v. Oil Co., 126 N. Y. 514, 27 N. E. 786.

cident, for which neither lessor nor lessee is liable. Timlin **v. Oil Co.,**
126 N. Y. 514, 27 N. E. 786; Ahern v. Steele, 115 N. Y. 203, 22 N. E.
193; Godley v. Hagerty, 20 Pa. St. 387; Whart. Neg. § 817; 2 Shear.
& R. Neg. (5th Ed.) p. 1231, § 709a; Burdick v. Cheadle, 26 Ohio St.
393; Jaffe v. Harteau, 56 N. Y. 398; Edwards v. Railroad Co., 98 N.
Y. 245; Thomp. Neg. 323; Doyle v. Railway Co., 147 U. S. 413–423,
13 Sup. Ct. 333; Tayl. Landl. & Ten. § 382; Bowe v. Hunking, 135
Mass. 380; Commissioners v. Orfila, 15 App. Cas. 413; Whart. Neg.
§§ 825, 835, pp. 645, 649; Franklin v. Brown, 118 N. Y. 110, 23 N.
E. 126; Francis v. Cockrell, L. R. 5 Q. B. 506; Hill v. Woodman, 14
Me. 38, 42; Gregor v. Cady, 82 Me. 131, 19 Atl. 108; Keates v. Earl
of Cadogan, 10 C. B. 591; Arden v. Pullen, 10 Mees. & W. 321;
Sutton v. Temple, 12 Mees. & W. 52; Hart v. Windsor, Id. 68, 85;
Libbey v. Tolford, 48 Me. 316; Foster v. Peyser, 9 Cush. 242; Welles
v. Castles, 3 Gray, 323; Tuttle v. Manufacturing Co., 145 Mass. 169–
175, 13 N. E. 465; Cowen v. Sunderland, 145 Mass. 363, 14 N. E.
117; Scott v. Simons, 54 N. H. 431; Walden v. Finch, 70 Pa. St.
460; Minor v. Sharon, 112 Mass. 477; Cesar v. Karutz, 60 N. Y.
229; Wallace v. Lent, 1 Daly, 481; Robbins v. Jones, 15 C. B. (N. S.)
221; McKenzie v. Cheetham, 83 Me. 543, 22 Atl. 469.

In this case the petition states that large quantities of sugar
and other merchandise were stored in a warehouse, and that the
floors of the building broke and fell, with the contents thereof,
killing the plaintiff's intestate, Joseph Schwalbach; that the "ware-
house and premises were defective, insufficient, and insecure for
the purposes for which the same were let"; that "all the defendants
did in fact well know from the time said lease was made that said
warehouse and said premises were insufficient, unsafe, and insecure
for the purposes for which the same were let," and by reason of their
negligence in using the warehouse while in this condition Schwal-
bach was killed. It does not appear that the "insufficient, unsafe,
and insecure" condition of the warehouse was due to any latent
or concealed defect, or that the lessors, Burney & Seymour, fraudu-
lently concealed this condition, or made any false representation as
to the real condition of the premises, or that the condition was
one which the lessees, the Shinkle, Wilson & Kreis Company, could
not, on reasonable inspection at the time of the letting, have discov-
ered; but, on the contrary, it does appear from the allegations of
the petition that the lessee at the time of the letting did know that
the premises were "insufficient, unsafe, and insecure," and the facts
as stated would indicate that the condition of unsafety was such
as would be apparent upon proper inspection. It would follow,
therefore, upon the averments of the petition, that the lessors were
not liable for the injury complained of; but that question is not
presented by the demurrer. The question presented by the demurrer
is as to whether there is a misjoinder of separate causes of action
against the several defendants. There is no attempt in this peti-
tion to state separate causes of action against the several defend-
ants. It is sought to charge the several defendants jointly, and, if
the lessors were liable at all, they would be jointly liable with the
lessee. There is no relation of master and servant between the

lessors and the lessee, out of which distinct liabilities could arise from the same transaction, as where the engineer of a railroad train is directly liable in trespass for injuring another by the negligent operation of the train, and where the railroad company is indirectly liable on the case for the negligence of its servant. Here the lessors, if liable at all, would be liable for causing the injury, or failing to disclose the unsafe condition, and the lessee would be jointly liable for continuing that condition, thereby both contributing to the injury. The petition is not open to the objection presented by this demurrer, and it will therefore be overruled.