Kinkead, J.
The petition alleges that she rented a certain house from the defendants in December, 1908; that to induce the renting the defendants’stated that the three wooden steps lading from the street into the house while loose and old were safe, and the defendants would soon or at once put them in complete repair.
Plaintiff says that relying upon said promise she moved into said house and lived there; and to enter said house, or depart therefrom, used said steps; that defendants frequently before the grievances complained of assured said plaintiff that said steps were safe, for walking thereon, and would be connected to said house without further delay. The petition then describes the steps, stating that they were made of wood, that the lower step was old and rotten, and the nails holding the same loosened.
*534 That on 'January 16, 1909, while said plaintiff was descending said steps, the wedge under said lower step and said lower step loosened, crushed and gave way, throwing the plaintiff across the sidewalk into the gutter, injuring her in the manner described in the petition.
It is then further alleged that the steps at the time of said leasing and injury were not in proper repair or a reasonably safe condition, which condition the defendants knew, or by the exercise of ordinary care should have known, when they made the lease.
Plaintiff then further avers that she was ignorant, and had no knowledge that said steps were unsafe, or dangerous, that while they were loose from the wall and old, she did not believe them to be unsafe, but only needing repair, and connecting up to said house and she relied upon said defendant’s statement that said steps were safe and the repairs needed would be made at once.
Plaintiff then alleges she was without fault or negligence, and said injury occurred by reason of said unsafe, rotten and defective steps, and also'by reason of the defendants not putting them in complete repair or safe for walking thereon. Plaintiff prays for damages in the sum of $5,000.
The evidence of plaintiff shows that she was fully aware that the steps were old and out of repair at the time she rented the property; she not only states that in her pleading but the evidence offered by her, both her own testimony as well as that of other,witnesses produced by her, shows that she knew the steps were out of repair, and that she requested that they be repaired, and that defendants promised to repair them. This, however, defendants deny. It clearly appears that the plaintiff at the time she rented the property had the opportunity of learning and knowing the condition of the steps. She says she relied upon the promise of defendants to repair them. There is no testimony to support the averment in the petition that defendants represented to plaintiff that the step's were safe. Even if there wore, it would hardly seem that plaintiff was justified in relying thereon, in view of the fact that she admits that they were in bad repair, and that she relied upon the promise to re *535 pair them. The allegation of such representation as to the safety of the steps is hardly consistent with the averments and evidence that she knew that they were out of repair, and that defendants promised to repair them.
A claim is made in argument that there .was a latent defect known to defendants, but not known to plaintiff. This seems impossible in view of the fact that the steps were exposed to view, to plaintiff as well as to defendants. The petition avers that they were loose; the evidence shows the same condition, the husband testifying that he fastened.them in some way so. that they would not be loose.
The evidence also shows that plaintiff continued to occupy the property notwithstanding the fact that on several occasions she requested defendants to repair the steps, which they failed to do. And finally plaintiff was compelled to quit the premises for non-payment of rent.
The court directed a non-suit and the question is now on a motion for a new trial.
The law relating to this class of cases has not been readily perceived, much misunderstanding prevails concerning it, and some inaccuracy of statement appears in the decisions with reference to the grounds of liability recognized by courts for injuries to property or to person as a result of some act of misfeasance or nonfeasance of the landlord.
The grounds of liability for injuries arising from a nuisance are to be distinguished from cases where the tenant seeks to hold the landlord responsible in tort, where the transaction is grounded in contract.
The confusion and misunderstanding comes from a failure to distinguish between the effect of the violation of a contractual duty and one imposed by law which is classed as a tort.
The violation of a duty arising by contract gives rise to a right of action for a breach thereof, and the damages recoverable are those which directly result from its breach, not those which are remote and consequential and not within contemplation of the parties.
For example, if by the terms of the contract of letting by landlord to tenant, the former as part of the consideration of *536 renting or leasing agrees with the latter that he will make a specific repair, as is claimed in this case^ it is the duty of the tenant for his own convenience and use of the premises as well as for his own protection from personal injury to himself or to his family, and his protection against liability to third persons arising from the defective condition of the premises, to make the needed repairs which the landlord promised to make, and recover the cost of the same in an action for breach of contract.
If the tenant continues in the.occupancy of the premises, with full knowledge of its defects, as the plaintiff did in this ease, she assumes the risks of injury to herself from the continued use of the defective steps, as well as all other responsibilities that are usually imposed upon a tenant by reason of the transfer of the premises; her continued use and occupancy imposes upon her certain legal responsibilities as to third parties, which need not be repeated here, but with which every lawyer versed in the law is familiar.
The plaintiff’s counsel in this case proceeded upon the theory .that the violation of the alleged contractual duty to repair the steps constituted an act of negligence, for which her action Jor personal injury may be had. And in his disappointment over the direction of the non-suit, he says that if the decision is to stand, there is no remedy for such a misfortune as plaintiff has suffered.
■ The law having been settled for so many years concerning this matter, this court can not make a new rule nor help the misunderstanding of counsel concerning the same.
It is dificult to conceive how one act can be considered an act of negligence and a violation of a contractual duty at the same time. This was the mistake made'by the slip of the pen in Cowen v. Sunderland, 145 Mass., 363, which brought upon the judge delivering the opinion the severe criticism of the judge in Shinkle, W. & K. Co. v. Birney, 68 Ohio St., 328, Shauck, J., designating it as a migration of the law. The judge in Cowen v. Sunderland, supra, in which case there had been a concealment of a defect known to the defendant, stated that there was an exception to the general rule of caveat empior as between lessor *537 and lessee “arising from the duty which the lessor, owes the lessee. This duty does not spring directly from the contract, but from the relation of the parties, and is imposed by law. * * * While the failure to reveal such facts (known latent defects) may not be actual fraud or misrepresentation, it is such negligence as may lay the foundation of an action against the lessor, if injury occurs.”
There was no negligence in that case. The wrongful concealment of a known latent defect in the premises by the landlord, though connected with the contract of letting, was in reality clearly separable therefrom and has its place in law as a fraud'— an act wholly different from negligence.
So,, in this case, there can be no element of negligence because the subjeetTmatter of this oral agreement by defendants to repair the step, being part of the contract of renting, became fully covered by contract, both the plaintiff and defendants having full knowledge of the exact conditions, the plaintiff agreeing to take possession of the house with the steps in that condition, relying upon the promise of defendants to repair them.
The Tennessee Supreme Court fell into the same error of inaccurate expression in Hines v. Willcox, 96 Tenn., 148, explanation for which was later attempted in Willcox v. Hines, 100 Tenn., 538.
Hines v. Willcox, supra, has been universally condemned on account of the holding there made which placed the responsibility upon the landlord for failure to learn and know of a certain1 latent defect, the liability being based rather upon the neglect of the landlord in not exercising reasonable care and diligence in not ascertaining or learning the defect. The recovery by the plaintiff in that case was made to depend upon his observance of ordinary care in learning and- knowing the condition of the premises.
When Willcox v. Hines, supra, again came before the Supreme Court liability was still placed upon the ground that there was an obligation upon the landlord to make such examination of the premises as a reasonably prudent man would do in order to ascertain their condition. The attention of the landlord was *538 called to the condition of the porch both before and after the lease, and, say the court, “the defect was of such character as would have led a reasonably prudent man to have seen the danger when he attempted to repair it, and that it was negligence not to make it safe after undertaking to work on it, and that there is liability on the part of the landlord to the tenant, arising out of these facts.” It appears from the meager statement that there was some negligence in connection with some repairs which the landlord had undertaken on the porch, which presumably was in failing to discover some defect when the repairs were undertaken, which furnishes an excuse for the ground taken, and in a measure distinguishes the case from other authorities. In reality it may be considered' negligence in the making of the repairs for which there is a recognized liability.
The only instances of tort liability recognized as between tenant and landlord, are where the landlord has made an express warranty, or has been guilty of fraud. This is as far as the Supreme Court of this state has gone. For example, in Shinkle, W. & K. Co. v. Birney, supra, which was a case where the tenant sought to hold the landlord liable for a latent defect, knowledge of which by the landlord was not shown, the court denied liability, the syllabus reading: ‘ ‘ The relation of lessor and lessee arises out of contract, and where there is neither express warranty nor deceit the latter can not maintain an action against the former on account of the condition of the premises hired.”
Warranty is an act giving rise to a right of action either in tort or in contract. It is both a contract and a tort. The false warranty is a familiar illustration of the right of election between tort and contract. Damages for the personal injury could not be had in the contract action, hence the advantage of suing in tort.
The question presented here has not been decided in this state. It is whether or not damages can be recovered for a personal injury for a failure of the landlord to beep his promise to make a specific repair. There was no proof of the allegation in the petition that defendant warranted that the steps1 were safe.
In addition to what has been stated touching the fundamental *539 principles, attention is called to specific rulings on the exact question.
In Tuttle v. Manufacturing Co., 145 Mass., 169, the tenant hired a farm, with a house and barn. At the time of the hiring the boards and planks making the floor in the barn were old, worn out, defective, and in need of repair. As a part of the contract of- hiring, and in consideration of the renting by the tenant, the landlord promised that he would immediately repair the floor in a proper manner, etc. He failed to do so, and the tenant went into possession, and personal injury resulted. The court recognizing the general doctrine as shown by Shinkle, W. & K. Co. v. Birney, supra, held that there could be no recovery in tort, for the personal injury as a result of the violation of the duty prescribed by the contract. The court said:
The contract relied on is a loose one; it fixed no time within which the repairs were to be made, and it is doubtful whether the evidence proved any breach of contract on the part of the defendant. But if we assume that the contract was to make the repairs within a reasonable time, and that the jury would be justified in finding that the defendant had not performed it within a reasonable time, the question is whether, for such a breach, the plaintiff can maintain an action of tort to recover for personal injuries sustained by reason of the defective condition of the stable floor.
‘ ‘ The cases are numerous and confusing as to the dividing line between actions of contract and -of tort; and there are many cases where a man may have his election to bring either action. When the cause of action arises merely from a breach of promise, the action is in contract. The action of tort has for its foundation the negligence of the defendant, and this means more than a mere breach of a promise. Otherwise, the failure to meet a note or any other promise, to pay money, would sustain a suit in tort for negligence, and thus the promisor be made liable for all the consequential damages arising from such failure. As a general rule, there must be some active negligence or misfeasance to support tort. There must be some breach of duty distinct from breach of contract.
‘ ‘ In the case at bar, the utmost shown against the defendant is that there was unreasonable delay on its part in performing an executory contract. As we have seen, it is not liable by reason of the relation of lessor and lessee, but its liability, if any, must *540 rest solely upon a breach of this contract. We do not see how the cases would differ in principle, if an action were brought against a third person who had contracted to repair the stable floor, and had unreasonably delayed in performing his contract. We are not aware of any authority for maintaining such an action. If the defendant had performed the work contemplated by its contract unskillfully and negligently, it would be liable to an action of tort, because, in such case, there would be a misfeasance, which is a sufficient foundation for an action of tort. Such was the case of Gill v. Middleton, 105 Mass., 477. ’ ’
In Collins v. Karatopsky, 36 Ark., 316, it was held that damages for death of lessee’s wife from neglect of lessor to repair and improve the premises as contracted in the lease, are too remote and can not be recovered.
Hamilton v. Feary, 8 Ind. App., 615, was a case where the tenant brought action against his landlord for a personal injury sustained while in the occupancy of,the premises. The tenant before entering upon the premises discovered defects in the premises, and refused to go into possession. Thereupon there was a modification of the written lease, to. the effect that if the tenant would pay the landlord the first month’s rent, the landlord would immediately thereafter finish the excavation (which was then open, exposed and dangerous) and make a good cistern. This the landlord failed to do, and while the tenant was in the use and occupancy of the premises, the excavation gave way, and the tenant was injured.
The court held the damages remote and consequential, and not recoverable in such action; that the tenant, upon refusal of the landlord to make the repairs, may make the same, and charge their cost to the landlord; “but as it is his duty (tenant’s) to reduce the damages as much as reasonably lies in his power, he is not permitted to allow the defects in the premises to remain, being fully cognizant thereof, and then sue to recover damages for an accident resulting from the dangerous condition of the property. Although a landlord is clearly guilty of a breach of covenant to repair the leased premises, the tenant can not remain inactive and allow special damages to accrue, and recover them from the landlord, when, at slight expense, he might have averted the injurious consequences complained of.”
*541 At one point in the opinion the court admits that there would be a legal liability “where the landlord has covenanted to malm repairs, and, upon being notified, has repeatedly promised and led the tenant to believe in good faith that he will make them. The liability of the lessor * * * arises from the principle that he owes the lessee a duty, and if, by the lessor’s failure or negligence to discharge such duty, and without any contributing fault of the lessee, the latter sustains injury, a right of action arises in favor of the lessee or tenant, for the damages sustained. ’ ’
What the judge meant- by such a statement in view of the correct ruling made in the ease is difficult to tell, unless he means to recognize a right of action for negligence for failure to perform the contractual duty to repair, when the lessee has not been guilty -of contributory negligence. Recovery was denied in part because the damages were remote and consequential, and because of the duty of the tenant himself to repair, and then in part upon the erroneous ground stated that:
“A tenant can not recover upon tort for negligence against a landlord for failure to repair the leased premises, or in failing to disclose a defect therein, if the tenant is also guilty of negligence in not avoiding danger arising from the existence of such defect. ’ ’
Here the court, incorrectly, confuses the conduct of the tenant as contributory negligence, which assumes negligence of the landlord, after having stated that the damages were remote, and that it was the duty of the tenant himself to make the repairs. This may be classed with the reasons stated in Cowen v. Sunderland, supra, as to which Shauck, J., in Shinkle, W. & K. Co. v. Birney, supra, said on page 337, was “attractive * * * as a suggestion of the intellectual repose which one may enjoy when he determines the liabilities of parties according to his individual notions of personal duty,-instead of seeking the grounds of decision in the rules which have been approved by the composite judgment of those who have established our system of jurisprudence. ’ ’
The criticism was not put upon proper grounds. The conclusions in both Massachusetts and Indiana cases were properly *542 reached, but the inaccurate statements therein were the result of improper discrimination between the divisions of substantive law concerning a difficult subject, which some have not considered sufficiently to properly understand.
Rather than characterizing the conduct of the tenant as contributory negligence in an action for breach of contract, it should be described as conduct which estopped him from seeking remote damages, when he did not do his duty by making such repairs as would have avoided his injuries.
The same error as to use of terms occurred in O’Dwyer v. O’Brien, 13 App. Div., 570, where it was held that the landlord would be liable for the defective repairing of a plank walk on the.premises used by the plaintiff, but for the fact that the tenant could and did see the defect and danger and was thus guilty of such contributory negligence as would defeat her recovery.
In Miles v. Janvrin, 196 Mass., 431, it was stated:
"And the general doctrine was laid down there (in Tuttle v. Manufacturing Co., supra,), that a negligent omission to repair the premises of another is not the ground of an action of tort. The same conclusion was reached in Cavalier v. Pope (1905), 2 K. B. 757; on appeal (1906), App Cas., 428; Brodtman v. Finerty, 116 La., 1103. See, also, Collins v. Karatopsky, 36 Ark. 316.”
I -have examined these cases and they all support this decision.
It is interesting to observe that previous to the decision in Cavalier v. Pope, supra, there was authority to the contrary as appears in Nelson v. Brewery Co., 2 C. P. Div., 311. On this authority it was ruled in Cavalier v. Pope, supra, that a landlord who had agreed to repair the floor of the kitchen let to plaintiff’s husband, etc., was liable for injuries suffered by the tenant’s wife in falling through, the floor which had not been repaired in accordance with his agreement. The ruling was reversed in the court of appeals, and the doctrine of Nelson v. Brewery Co. overruled.
This may be some consolation to those who insist on maintaining such actions.
*543 Stillwell v. Land Co., 22 Ky. Law Rep., 785, is a case where it was assumed without discussion that a landlord who had agreed to make' repairs on leased premises is liable to make compensation for injuries caused by failure to make needed repairs. The only point discussed in the opinion is whether plaintiff was guilty of contributory negligence.
In Miles v. Janvrin, supra, the wife brought action for personal injuries sustained by falling upon a defective doorstep in a dwelling-house occupied by her and her husband under a lease to him, the allegation being that the-steps were -negligently permitted to be out of repair. The evidence disclosed an agreement by the landlord that he would repair the steps. It was held that the wife could not maintain the action; that the tenant could not recover. To same effect, Davis v. Smith, 26 R. I., 129.
In Galvin v. Beats, 187 Mass., 250, it is stated that:
"The general rule in this commonwealth must be considered as settled that a tenant can not recover against his landlord for personal injuries occasioned by the defective condition of the premises let, unless the landlord agrees to repair, makes the repairs, and is negligent in making them.”
Reams v. Taylor, 31 Utah, 288, was an action for personal injury by the tenant upon a promise to repair made by a guardian of an insane person. The action was held not maintainable apparently on the grounds of the contributory negligence of the tenant in accepting a lease of premises known to be in a dangerous condition. The court, however, stated that the tenant must be deemed guilty of contributory negligence or to have assumed the risk. It was also stated that the tenant accepting a lease and taking possession of premises on which are dangerous defects (in the case at bar it was under a promise of the landlord to repair) should either repair the defects and deduct the cost from the rent, or surrender the premises, and failing to do either, if he is injured by such defects, can not recover therefor.
The general, fundamental principles have been stated and the few authorities which bear upon the question are reviewed. It discloses that few efforts have been made to invade or demolish the fundamental distinctions in law much to the credit of the bar. *544 There is a feeling, especially as manifested in this case, th.it such a decision is an outrage upon the rights of one who suffers permanent personal injury from such neglect of duty of a landlord. The answer is that the tenant assumes some responsibility, and has adequate remedy by making repairs and recouping against the rent. If he does not want to take this course, let him move. In this case the evidence shows that plaintiff’s husband did undertake to make some repairs on the steps; the house was a small one in an alley, the steps common wooden ones, to repair which properly while the husband was at it would have cost but a trifle. Lawyers and their clients in bringing actions must know that they have done their duty, and must not be blind to justice. If there is any remedy for them in such a case as this, it must be through the Legislature or by decision of the court of last resort, and then some radical change in the law will be necessary. But whatever it may be the tenant must perform his or her duty before being entitled to recovery.
No motion for non-suit was asked for by defendant, but the court of its own motion directed a verdict in favor of defendants. Much complaint is made of this action. What was the court to do when it could not possibly instruct the jury concerning a claim asserted by plaintiff, which had no standing in law, and when even the petition is demurrable?
Motion for a new'trial is overruled and petition dismissed.