*Northern District*

No. 5460

**EDWARD F. CARON, PPA**

v.

**BOSTON HOUSING AUTHORITY**

(January 18, 1961)

*Present:* Brooks, P. J., Eno & Northrup, JJ.

Case tried to *Lynch, J.*, in the Municipal Court of Dorchester. No. 1318.

*Eno, J.* This is an action of tort for personal injuries sustained in the defendant's apartment building. The plaintiff is a five year old child, who brings this action by his mother as his next friend, against the landlord of the mother.

The declaration "alleges negligence of the defendant in the care and maintenance of the dwelling, negligence in the care, management, and operation and supervision or control of said dwelling; carelessness and negligence in allowing the steam pipe to remain uncovered and filling it with steam sufficient to cause severe burns, and breach of warranty that the leased premises were in a habitable and safe condition".

Another count was added at the beginning of the trial for consequential damages on behalf of the plaintiff's mother. It is to be noted, however, that the writ does not seem to have been amended by adding her as a party plaintiff.

The answer is a general denial, contributory negligence, assumption of risk and a denial of agency.

*At the trial there was evidence tending to show that* the plaintiff, Edward F. Caron, age 5, on April 9, 1957, was playing with his brother's bicycle in the three room apartment leased to his mother by the defendant, and caught his leg between the two steam pipes in a bedroom of the apartment and received severe burns, the scars of which were shown to the judge. The plaintiff was released by a neighbor, Mr. Sullivan, who testified that he released the boy by springing the pipes. The boy was taken to the Massachusetts General Hospital.

There was also testimony that the mother occupies the apartment on the first floor of an

apartment house and that the heat conducting pipes supplying heat to the two floors above ran through the first floor apartment and a connection from it heated plaintiff's apartment. The pipes were in a bedroom and were in a recess in the wall about four feet long and twelve inches deep; and set about three inches from the wall. The pipes were not insulated and the recess was not closed off. The larger of the two pipes was constantly hot, this being the pipe that supplied heat to the two apartments above. There was evidence that the heat generated by this pipe ran from 205 degrees to 212 degrees.

The plaintiff's mother, the tenant of the defendant, admitted that "the pipe was in the same condition and performed the same function at the time that her son was injured as it was on the date that the premises were let to her, namely December 1, 1956". A copy of the lease between the tenant and the defendant was introduced in evidence and marked exhibit "A", which lease was in force on the date of the alleged injury, although it is not set out in the report.

During the trial one Francis X. Lane, who had signed the defendant's answers to the plaintiff's interrogatories, was asked by the plaintiff's counsel whether he wanted to change his answer of "No" to interrogatory No. 3, which read as follows:

"On the date of the alleged accident, was the defendant in control of the care and

maintenance of the pipes which the plaintiff alleges caused his injuries?"

The witness replied that he did want to change his answer.

Plaintiff's counsel then asked him:

"What is your answer now?"

Subject to the defendant's claim of report he answered:

"Yes, we install them and run steam through them, I would say yes, under our control". Counsel for the defendant then moved to strike the answer of the witness and to the denial of which counsel for the defendant seasonably claimed a report.

At the close of the trial and before the final arguments the defendant made the following request for ruling:

"The evidence is insufficient to warrant a finding for the plaintiff",

which was denied.

The Court made no findings of facts and found for the plaintiff.

The report states that it contains all the evidence material to the questions reported.

The defendant claims to be aggrieved by the denial of its sole request for ruling and by the allowance of the question addressed to Francis X. Lane relating to control of the steam pipes and by the ruling denying defendant's motion to strike Mr. Lane's answer.

█ We find no prejudicial error in the admission of Mr. Lane's evidence. The witness had answered "no" to the question put to the defendant by the interrogatories, which

he wanted to change to "yes" at the time of the trial.

The pipes involved furnished the heat to the tenants of the second and third floors of the apartment building of the defendant. It could properly be inferred that neither the plaintiff nor his mother, the tenant of the first floor, was in control of these pipes, and that the defendant was.

Besides being admissible to contradict the original answer, *Minihan v. Boston El. Railway,* 197 Mass. 367, 373, it was obviously immaterial.

It has long been a settled principle of law in this Commonwealth that a lessee or tenant takes the premises hired in the condition he finds them at the time of the letting, and takes the risk of the quality of the premises, in the absence of an express or implied warranty by the lessor, or of deceit, and the landlord is not liable for injuries sustained by the tenant by the reason of the unsafe condition of the premises at the time of letting or thereafter. *Cowen v. Sunderland,* 145 Mass. 363; *Stumpf v. Leland,* 242 Mass. 168, 172; *Condon v. Winn,* 252 Mass. 146, 148; *Chelefou v. Springfield Inst. for Sav.,* 297 Mass. 236, 239; *Gade v. National Creamery Co.,* 324 Mass. 515, 518; Hall's: Massachusetts Law of Landlord and Tenant, 4th Ed. (1949) sec. 208, p. 228.

It is also a long established rule in this Commonwealth that a member of a tenant's family, in this case a child of the

tenant, has the same, but no greater, rights against the landlord as the tenant. *Coupe v. Platt,* 172 Mass. 458; *Leslie v. Glazer,* 273 Mass. 221, 223; *Sneckner v. Feingold,* 314 Mass. 613, 614; *Wheeler v. Boston Housing Authority,* 1960 Adv. Sh. 1289.

In the last cited case the accident to a child occurred in a stair well maintained by the landlord for the benefit of all the tenants, yet the Court reaffirmed the principles of law above mentioned and overruled the plaintiff's exceptions to the direction of a verdict for the defendant.

We fail to find any evidence in the report which would tend to prove an express warranty, active deceit or concealed defects by the landlord which would exempt this case from the rules of law hereinabove mentioned. See Hall's "Massachusetts Law of Landlord and Tenant", §209, p. 230, for examples of such exemption. On the contrary the reported evidence only shows that these pipes were in the same condition and used for the same purpose at the time of the letting as they were at the time of the accident. There is nothing to show that the condition of the pipes and their use was not easily discoverable on examination at the time of the letting. It was as much the duty of the tenant (in this case the plaintiff's mother) to examine the premises and ascertain whether they were in such condition that she could safely occupy the demised premises as the defendant. *Booth*

*v. Merriam,* 155 Mass. 521; *Cohen v. Davies,* 305 Mass. 152.

It was, therefore, prejudicial error to have denied the defendant's request for ruling.

The finding for the plaintiff is to be vacated and a new entry is to be made for the defendant.

Chapman & Chapman of Boston, for the Plaintiff.
Thomas F. Daley, Jr. of Boston, for the Defendant.