## LIABILITY OF PROPRIETOR OF HOTEL FOR INJURY OF A GUEST.

Court of Appeals for Mahoning County.

FRED J. HALTERMAN V. CYNTHIA HANSARD.

Decided, March 23, 1915.

*Innkeepers—Guest Injured by Fall of Ceiling—Recital of the Facts Sufficient—Application of the Doctrine of Res Ipsa Loquitur.*

1. Proof of an injury to a guest at a hotel caused by the falling of the ceiling of the room to which he had been assigned raises a presumption of negligence which, in the absense of explanatory circumstances, will entitle a recovery in favor of the party injured.
2. In an action to recover damages for personal injury, if the proof of the cause of the injury raises a presumption of negligence, and there is not a scintilla of evidence to overcome that presumption, it is the duty of the court to direct a verdict for the plaintiff.
3. In such an action, it is sufficient for the plaintiff to plead facts causing the injury, and the damages, without alleging that the injury was caused by the negligence of the defendant.

*David G. Jenkins* and *L. O. Casey,* for plaintiff in error.
*Anderson & Lamb,* contra.

POLLOCK, J.; SPENCE, J., and METCALFE, J., concur.

Cynthia Hansard brought an action in the court of common pleas of this county against Fred J. Halterman, the Smith Brewing Company and another, to recover damages for injuries which she claims were received by reason of the negligence of the defendants below. The action was dismissed by the court below against all the defendants except Fred J. Halterman, and judgment was recovered against him.

The plaintiff below in her petition alleged that Fred J. Halterman was, on the 26th day of November, 1910, the proprietor of a hotel in the city of Youngstown; that on that day she became a guest in his hotel and was assigned to a room, and while she was in the room assigned her as a guest of the hotel the

plastering from the ceiling of the room fell and injured her. After describing the injuries which she claimed to have received, she asked judgment for the injuries thus caused her.

Halterman by answer denied all the allegations of the petition except that he was proprietor of the hotel.

After the impanneling of the jury Halterman objected to the introduction of any testimony, for the reason that the petition did not state a cause of action against him. This was overruled and exceptions noted. The case then proceeded to the hearing of the evidence.

The evidence upon the part of the plaintiff below showed that Halterman was at the time alleged in the petition the proprietor of the hotel, and on that date the plaintiff was a guest in the hotel and assigned to a room; that while in the room and after she had retired for the night the plastering from the ceiling of the room fell and she was injured. She then introduced testimony tending to show the extent of her injuries, and rested.

At the close of plaintiff's evidence defendant made a motion asking the court to direct a verdict for the defendant. This motion was overruled and exceptions noted by the defendant.

The defendant then declined to introduce any evidence. The court charged the jury that, as defendant below was the proprietor of the hotel, and while plaintiff was a guest in the hotel she was injured by the ceiling of the room to which she was assigned falling on her, she was entitled to recover reasonable damages for such injury, and that the only question for the jury to determine was the amount of the damages to which she was entitled.

There was an exception by Halterman to the charge of the court. The jury returned a verdict in favor of the plaintiff below. This action is prosecuted to reverse the judgment of the court below for the errors referred to above.

The plaintiff in error claims that the only duty he, as proprietor of the hotel, owed to the defendant in error as a guest was ordinary care, and that, as there was no negligence alleged in the petition or negligence proved, and only a recital of the facts which caused the injury, that the court should have sustained

his objection to the introduction of any evidence, or, after the evidence of plaintiff below had been received, should have directed a verdict for defendant; while the defendant in error claims that this is one of the actions in which the recital of the facts which caused the injury is sufficient to make a *prima facie* case of negligence against the defendant, by reason of the doctrine of *res ipsa loquitur*.

We are so accustomed to applying this doctrine to injuries to passengers on common carriers that we have become accustomed to associate the doctrine with the relative degree of care that exists between the party injured and the one causing the injury. But upon an examination of the authorities we find that the maxim does not depend upon the degree of care existing between the parties, but whether or not the accident which caused the injury would have occurred under ordinary circumstances if there had not been negligence, and that the thing which caused the injury was wholly under the control and care of the party causing it.

This principle was recognized by the Supreme Court of this state in the case of *Traction Company* v. *Holzenkamp*, 74 Ohio St., 379. On page 385, in the opinion, they quote from the case of *Rose* v. *Stephens, etc., Co.*, 11 Fed. Rep., 438, as follows:

"Undoubtedly the presumption has been more frequently applied in cases of carriers of passengers than in any other class, but there is no foundation of authority or reason for any such limitation of the rule of evidence. The presumption originates from the nature of the act, not from the nature of the relation between the parties."

And again, on the following page, they quote the rule stated by *Shearman & Redfield on Negligence*, as follows:

"Proof of an injury, occurring as the proximate result of an act of the defendant, which would not usually, if done with due care, have injured anyone, is enough to make out a presumption of negligence. When a thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords rea-

sonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.''

The Court of Appeals of New Jersey recognize the principle in *Mumma* v. *Easton & A. R. Co.*, 65 Atlantic, 208. In the opinion on page 210 they say:

"*Res ipsa loquitur* is literally translated, 'The thing itself speaks.' This principle is that when, through any instrumentality or agency under the management or control of a defendant or his servants, there is an occurrence, injurious to the plaintiff, which in the ordinary course of things would not take place if the person in control were exercising due care, the occurrence itself, in the absence of explanation by the defendant, affords *prima facie* evidence that there was want of due care.''

Thompson, in his work on Negligence, recognizes this principle in Sections 15 and 7635. From an examination of the authorities we find that the doctrine has been applied in a great variety of cases where the thing that caused the accident was under the control of the party causing the injury, and it was such as would not under ordinary circumstances occur if negligence did not exist.

The Supreme Court of California, in the case of *Harlow* v. *The Standard Implement Company*, 78 Pac., 1045, applied the doctrine in an action where the defendant's steam roller used on the streets in front of plaintiff's residence, ran across her lawn and against her house, causing plaintiff damage to her property.

The Supreme Court of Tennessee applied the principle in the case of *McHarge* v. *Newcomer & Co.*, 100 S. W., 700, where an awning erected by the defendant fell upon a person walking on the street and injured him.

"It is applicable 'where, under the circumstances shown, the accident presumably would not have happened if due care had been exercised.' Its essential import is that, on the facts proved, the plaintiff has made out a *prima facie* case, without direct proof of negligence. * * * The doctrine does not dispense with the rule that the party who alleged negligence must prove

it. It merely determined the mode of proving it, or what shall be *prima facie* evidence of negligence." *Labatt on Master & Servant,* Section 1601.

From these authorities we see that the principle does not depend in any way upon the relative degree of care existing between the parties, but from the nature of the thing causing the accident and its being under the control of the defendant.

The plaintiff below was assigned to a room, and while in the room plastering fell from the ceiling and she was injured. The room was under the control of the defendant below and such an accident does not ordinarily occur if proper care is used on the part of the proprietor of a hotel. The mere proof of the facts that the ceiling of the room assigned to plaintiff below while she was a guest of the hotel of the defendant below fell and she was injured, thereby constituted a *prima facie* case of negligence, and in the absence of any evidence to overcome this presumption the plaintiff below was entitled to a verdict.

The question now arises whether the petition, without alleging that the accident occurred by reason of the negligence of the defendant below, was sufficient. It is ordinarily sufficient to allege in the petition facts which, if proven, will constitute a cause of action, and an action for negligence is no exception to the general rule. The Supreme Court of Indiana, in the case of *Weiss* v. *The City of Madison,* 75 Ind. Reports, in the opinion on page 246, say:

"The question of negligence or no negligence is to be determined from the facts pleaded, and the presence or absence of general epithets adds no real force to the facts stated. If the facts stated are sufficient to show negligence, the absence of epithets does not impair their force; if they are not sufficient, no mere epithets can supply the want."

The Court of Appeals of Indiana, in the case of *Railway Co.* v. *Worthington,* 66 N. E., 478, affirm this doctrine, citing a number of cases of that state which apply the same rule.

Where negligence is implied, as under the doctrine of *res ipsa loquitur,* it need not be averred. II Bates' Pleading and Practice, page 1182.

The Supreme Court of Nebraska, in the case of *Railroad Company* v. *Young,* 58 Neb., 678, announce the same principle.

The petition in this case was sufficient and the court did not err in overruling the objection to the introduction of any testimony.

It is further urged that the court erred in charging the jury, that the plaintiff below was entitled to a recovery, and in not submitting the question of whether the defendant below was negligent to the jury.

The maxim under which plaintiff claims the right to recover by the mere proof of the happening of the accident is merely a rule of evidence and does not dispense with the establishment of negligence, but under this doctrine the mere proof of the facts attending the accident raises a presumption of negligence which is sufficient to authorize a recovery, unless some testimony is introduced tending to overcome the presumption made by the plaintiff. The court has no right to take to the jury the determination of whether the *prima facie* case is overcome or not, unless there is no evidence tending to overcome the *prima facie* case made by the plaintiff. But if there is not a scintilla of evidence tending to overcome the *prima facie* case made by the plaintiff, it is the duty of the court to so direct the jury.

An examination of the record in this case establishes the occurrence of the accident, and there is no testimony tending to explain in any way the cause of the ceiling's falling. We find no testimony tending to overcome the *prima facie* case made by the plaintiff, and for that reason it was not error for the court to direct the jury that the plaintiff had a right to recover the reasonable compensation for the injuries which she received.

The judgment is affirmed.