ELIZABETH M. WADLEIGH *vs.* KIRK BUMFORD.

Middlesex. November 13, 1917. — January 4, 1918.

Present: RUGG, C. J., CROSBY, PIERCE, & CARROLL, JJ.

*Negligence, Res ipsa loquitur. Landlord and Tenant,* Falling of plaster of ceiling.

The fact that a part of the plaster of the ceiling of the kitchen of a tenement fell on the tenant about two weeks after an authorized agent of the landlord had replastered the ceiling, if wholly unexplained, is no evidence of a defect in the plaster or of negligence or want of skill in laying it.

TORT for personal injuries sustained by the plaintiff on May 21, 1915, from the falling on her of a part of the ceiling of the kitchen of the tenement occupied by her as a tenant on the ground floor of a three floor six tenement house numbered 180 on Main Street in Everett owned and controlled by the defendant. Writ dated July 7, 1915.

In the Superior Court the case was tried before *Chase,* J. The evidence, which was conflicting, is described in the opinion. At the close of the evidence the judge refused to order a verdict for the defendant. The defendant then asked the judge to make, among others, the following rulings:

"1. On all the evidence presented a verdict should be directed for the defendant.

"2. The mere falling of a portion of the plaster of the ceiling is no evidence in and of itself of improper or negligent repair of

the plaster, even though there is evidence that such falling occurred within two or three weeks of the time when the repairs to that portion of the ceiling that fell were made."

"8. There was no evidence offered by the plaintiff that the person who did the repairs to the ceiling was unskilled, that the materials used were unsuitable or that the subsequent fall of the plaster was a direct result of the manner in which the repairs were made, and a verdict should be directed for the defendant."

The judge refused to make any of these rulings and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $700. The defendant alleged exceptions.

*F. J. Carney,* (*E. N. Carpenter* with him,) for the defendant.

*M. F. Cunningham,* (*J. A. Pagum* with him,) for the plaintiff.

PIERCE, J. While a tenant of the defendant the plaintiff was injured by the falling upon her of a part of the ceiling in the kitchen of her tenement. Upon disputed evidence the jury could have found that about two weeks before the accident an agent of the defendant, duly authorized to make repairs on behalf of the defendant, had replastered the ceiling which fell upon the plaintiff. Other than such inference as may be drawn from the fall of the plaster, no evidence was offered to prove either faulty composition of the material used or unskilled and unworkmanlike application of the coating to the ceiling. Nor was there any evidence to exclude the inference of the operation of other causes which might have produced the accident. We are of opinion that the mere occurrence of the accident raised no presumption against the defendant.

The motion to direct a verdict should have been allowed. The exceptions must be sustained and judgment entered. for the defendant under St. 1909, c. 236.

*So ordered.*