SAMUEL T. MARKS *vs.* SALMON J. CITRON, administrator.

Suffolk. December 11, 1922. — January 5, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Defective condition of the premises.

A woman, about to hire a tenement, examined the premises including a piazza having hooks, attached to a beam, upon which lines were stretched for hanging clothes. She "went outside on the piazza and looked at everything and the piazza seemed to be all right . . . she did not exactly look if it was strong enough, but the piazza seemed to her to be in good condition." The beam was fastened in place by nails which protruded. They were rusty, and the beam was rotten at both ends. A former tenant, who had moved out three months before the accident, during her tenancy had called the landlord's attention to the weak condition of the beam. The beam gave way because of a defective condition when the woman's son, in attaching hooks to it three weeks after the letting, put his weight upon it. In an action by the son for personal injuries so caused, it was *held*, that

(1) The evidence did not warrant a finding that the condition of the beam and the defective mode of its attachment to the house, in the place where it

was put to hold hooks, was a trap or a thing in the nature of a trap attended with danger to the occupant of the flat or to her family;

(2) The evidence did not warrant a finding that the condition of the beam was so concealed that it would not have been obvious upon "careful examination" or upon a reasonable and careful inspection by the hirer of the premises when she "went outside on the piazza and looked at everything;"

(3) In the circumstances of this case the landlord was under no obligation to the lessee, or to those claiming in her right, as regarded the condition of the premises.

TORT for personal injuries received when a beam, used to support lines for drying clothes on premises let to the plaintiff's mother by the defendant's intestate, broke by reason of its defective condition and the plaintiff, who was leaning on it, fell. Writ dated March 5, 1920.

In the Superior Court, the action was tried before *Dubuque,* J. Material evidence is described in the opinion. The case was submitted to the jury. The judge reserved leave, before the recording of the verdict, to enter a verdict for the defendant if there was no question for the consideration of the jury. The jury found for the plaintiff in the sum of $3,500; and the judge reported the action for determination by this court.

*L. C. Doyle,* for the defendant.

*H. Bergson,* for the plaintiff.

PIERCE, J. This is an action of tort in two counts, brought by the plaintiff against the administrator of the owner of the tenement in which the plaintiff lived with his mother, sisters and brother, to recover compensation for personal injuries received by reason of an insecure fastening and consequent giving way of a beam which was attached one end to a pole at the corner of a piazza and the other to the house. The pole was eight feet above the floor of the piazza and was used with a like pole on the other side of the piazza to hold hooks, through which or upon which clothes lines were attached. The second count alleges that at the time of the letting of the premises the defendant "knew or ought to have known" that the premises were in an unsafe and dangerous condition, which unsafe and dangerous condition was not apparent to the parents of the plaintiff and was not disclosed by the defendant to the parents.

In his brief the plaintiff well states his case as follows: "The plaintiff's right to recover rests upon the proposition that there

was a concealed defect in the premises existing at the time of the letting, and not apparent to the tenant upon a reasonable inspection at the time of the letting, of which defect the landlord had knowledge and failed to disclose to the tenant, and for which concealed defect the plaintiff received his injuries." We assume the plaintiff waives any claim of a possible right of recovering for negligence in permitting the premises to be in an unsafe and dangerous condition. See *Stumpf* v. *Leland,* 242 Mass. 168.

The evidence discloses that the mother of the plaintiff hired the premises of the defendant and entered into possession of them about three weeks before the accident; that the piazza was a part of the leased premises; that before hiring "she went in the premises and looked about all over and went outside on the piazza and looked at everything and the piazza seemed to be all right; that she did not exactly look if it was strong enough, but the piazza seemed to her to be in good condition; that so far as she saw, the premises were in good condition;" that the beam which gave way at the house end was there fastened in place by nails; that when the tenement was rented to the mother of the plaintiff the attaching nails protruded; that they were rusty and that the bar which fell was rotten at both ends. As regards the accident, the evidence discloses that the plaintiff, a boy of fourteen years, to help his mother about the washing and drying of clothes went upon the piazza, placed a box four feet high under the beam, got upon the box — the cross bar then being "up to his shoulders" — put his left hand on to the beam and his weight on it and was just about with his right hand to screw in a screw (with a hook), when the beam gave way and he fell to his injury. The evidence of the plaintiff to show the defective attachment of the beam, the existence of such defect when the tenement was rented, the secret nature of the defect and the knowledge of the landlord of such a condition, comes entirely from the testimony of a former tenant of the same flat, and in substance is that she moved away from the flat about three months before the accident; that while in occupation she noticed the condition of the cross bar on the piazza where the clothes were hung; that she noticed the one that fell was weak; and that the nails came out on both sides, a little way from the wall — two or three nails — that she told the landlord about it and he said he was going to attend to it.

Upon all the evidence we do not think the condition of the beam and the defective mode of its attachment to the house, in the place where it was put to hold hooks, was a trap or a thing in the nature of a trap attended with danger to the occupant of the flat or to her family; nor do we think that its condition was so concealed that it would not have been obvious upon "careful examination" or upon a reasonable and careful inspection of the hirer of the premises when she "went outside on the piazza and looked at everything." In the circumstances of this case the landlord was under no obligation to the lessee, or to those claiming in her right, as regards the condition of the premises. *Cowen* v. *Sunderland,* 145 Mass. 363. *Mansell* v. *Hands,* 235 Mass. 253. *Stumpf* v. *Leland, supra.* In the opinion of a majority of the court it follows, in accordance with the terms of the report, that judgment is to be entered for the defendant.

*So ordered.*