MARY CONDON *vs.* MARY WINN.

Hampden.    February 24, 1925. — April 17, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Landlord and Tenant*, Landlord's liability for injury to member of tenant's family.

At the trial of an action by the wife of a tenant on the second floor of a house owned by the defendant for personal injuries caused by the breaking of a veranda rail which was a part of the premises let, it appeared that when the tenancy began the house was owned by a predecessor in title of the defendant and consisted of a two family dwelling house, the second floor, the veranda on the second floor, and one attic room on the third floor of which were hired by the plaintiff's husband; that three or four months after the tenancy began the attic rooms were made into a tenement, which were let furnished, and a narrow stairway was built thereto from the second floor hallway "slightly to one side of the door leading to the platform and about three feet back of it"; that the then owner, when told by the tenant of the third floor that that floor "was very hot," replied, "Well, you can use . . . [the plaintiff's] piazza"; that the then owner saw such use being made of that piazza and that other tenants of the third floor were accustomed to sit, sometimes with the plaintiff, and sometimes without her, on the veranda platform. There was no evidence of the condition of the veranda railing or how it looked when the tenancy of the plaintiff's husband began or at any time before the accident. The defendant became the owner of the premises about two months before the accident. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied, and there was a verdict for the plaintiff. *Held,* that there was no evidence warranting a finding of negligence on the part of the defendant, and that judgment must be entered for the defendant.

TORT for personal injuries caused by the giving way of a veranda railing on premises let by the defendant to the plaintiff's husband. Writ dated December 7, 1921.

In the Superior Court, the action was tried before *Brown,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $950. The defendant alleged exceptions.

The case was submitted on briefs.

*R. A. Bidwell & W. G. Brownson*, for the defendant.

*G. D. Cummings & G. F. Leary*, for the plaintiff.

PIERCE, J.  This is an action of tort to recover damages for personal injuries sustained by the plaintiff, from a fall occasioned by the giving way of a veranda railing on the second floor of the property occupied by her and her husband, he being the tenant of this property.  The plaintiff and her husband had lived on the premises for about two years before the accident occurred on October 17, 1921. When hired by the husband the premises were owned by a Mrs. Cooper, and consisted of the second floor of a two-tenement family dwelling house, the veranda on the second floor, and an attic room on the third floor.

Three or four months after the tenancy began, the attic rooms were made into a tenement and a stairway was built thereto from the second floor hallway to the third floor, "slightly to one side of the door leading to the platform and about three feet back of it."  The stairway was narrow and all tenants of the third floor used the platform to take "some furniture" to that floor through the window.  There was evidence that Mrs. Cooper furnished the third floor when it was converted into a tenement and it was rented as a furnished apartment; that Mrs. Cooper, when told by a tenant that the third floor tenement "was very hot," replied, "Well, you can use Mrs. Condon's piazza"; that Mrs. Cooper saw her using it; and that other tenants of the third floor were accustomed to sit with the plaintiff, and without her, on the veranda platform.  There was no evidence, other than might be inferred from the fact of the use of the platform without objection by the husband of the plaintiff, to prove that the tenants of the third floor became tenants in common of the platform with the tenant of the second floor, and no evidence that Mrs. Cooper or the defendant ever changed or took away the use of the veranda platform in connection with the occupation of the leased premises.

The defendant purchased the property from Mrs. Cooper on August 12, 1921, and the plaintiff's husband became her tenant by the payment of rent at some time, not shown by the record, between the day of the purchase and October 17,

1921, the day of the accident.  There was no evidence of the condition of the rail or of how it looked when the tenancy of the plaintiff's husband began, or at any time before the accident.  *Kirby* v. *Tirrell,* 236 Mass. 170.

The motion of the defendant for a directed verdict should have been granted.  A tenant, like a grantee of real estate, takes the premises hired in the condition in which he finds them, in the absence of an express agreement that they are otherwise than they are in fact.  *Conroy* v. *Maxwell,* 248 Mass. 92.  *Borden* v. *Hirsh,* 249 Mass. 205, 210.  The liability of the landlord to answer in damages for injuries which result from concealed defects, and damages which a careful examination would not disclose to the tenant but which are known to the landlord, rests upon a duty of disclosure which the law imposes from the relation of the parties.  *Cowen* v. *Sunderland,* 145 Mass. 363.  *Stumpf* v. *Leland,* 242 Mass. 168.  *Marks* v. *Citron,* 243 Mass. 454.  In the case at bar there is no evidence that the landlord knew the rail was insecure or that the tenant could not have ascertained on careful examination at any time that it was defective and a danger to him and to any one coming in contact with it.

The rule that a landlord must keep the common passageways, approaches, hallways and stairways in the condition which they were or appeared to be in at the time of the letting is an exception to the general rule of real property, that the owner of an easement is bound to keep the servient estate over which he has the easement in such condition and repair as may be necessary for the enjoyment of the easement.  *Prescott* v. *White,* 21 Pick. 341.  The exception to the general rule arises from the necessities of the case and does not extend to premises covered by the lease.  *Flanagan* v. *Welch,* 220 Mass. 186.  *Caruso* v. *Lebowich,* 251 Mass. 477.

It is unnecessary to examine the requests for instructions which were refused by the judge, or to consider the exceptions taken to the admission of evidence, because we are of opinion that judgment should be entered for the defendant under G. L. c. 231, § 122.

*So ordered.*