[Civ. No. 7199. First Appellate District, Division Two.—May 6, 1930.]

P. COOPER, Respondent, v. A. QUANDT et al., Appellants.

Barry J. Colding and Theodore Hale for Appellants.

Cooley, Crowley & Gallagher, Cooley & Crowley, and Lasher B. Gallagher for Respondent.

STURTEVANT, J.—While the Hunter-Dulin building was being constructed at the corner of Sutter and Montgomery Streets in San Francisco several different contractors were engaged in their work at the same time. Lindgren & Swinerton were the general contractors and the plaintiff was employed by them as a common laborer. At the time of the accident which is the subject matter of this action he was working on a tramway which led from a window on the west side out over the sidewalk. At the same time the defendants, A. Quandt & Sons, the painters, were engaged in the performance of their contract. . At the time of the accident they were working on the fourth and fifth floors directly over and above the plaintiff. While the plaintiff was so at work a wooden plank fell and struck him and for the injuries so sustained he commenced this action to recover damages. From a judgment in plaintiff's favor the

defendants have appealed and have brought up a typewritten record.

The defendants assert that in his complaint the plaintiff pleaded specific acts of negligence, that he did not prove those specific acts, and that the judgment should be reversed. The plaintiff introduced proof that the plank that hit the plaintiff was a painter's plank, that it was marked A. Quandt & Sons, that Mr. Hatton, plaintiff's boss, saw the plank strike and that he looked up and saw defendants' men near the fire-escape at the fourth and fifth floors. Almost immediately thereafter Mr. Hatton went up to where defendants' men were at work and there met defendants' foreman. With him Mr. Hatton went to the fire-escape and there saw defendants' operators at work and while there he had a conversation. Mr. Hatton testified that the fact was admitted as to what service dropped the plank— that the actions of the men practically admitted that they had dropped the plank. These statements were not objected to and there was no motion to strike them out. They had some probative weight. (*Sanders* v. *Austin,* 180 Cal. 664, 666 [182 Pac. 449]; *Walberg* v. *Underwood,* 39 Cal. App. 748, 752 [180 Pac. 55].) There was direct and positive testimony that at the time of the accident Joe Terran was one of the painters employed on the job by the defendants and that at that time he was on the job. After the accident happened Mr. Theodore Quandt, one of the defendants, had a conversation with one of the attorneys for the plaintiff. In that conversation Mr. Quandt stated that Terran dropped the plank. The foregoing evidence was some proof of plaintiff's allegations whether it be said they pleaded negligence in general or specific terms.

The defendants assert that the plaintiff did not prove that the dropping was negligent and of what that negligence consisted. Of course, under the facts, he was not bound to do so. (*Dixon* v. *Plums,* 98 Cal. 388, 389 [35 Am. St. Rep. 180, 20 L. R. A. 698, 33 Pac. 268]; *Michener* v. *Hutton,* 203 Cal. 604, 607 [59 A. L. R. 480, 265 Pac. 238].)

At no time did the defendants explain or attempt to explain how or why they allowed the plank to fall. After all of the evidence had been taken the defendants asked an instruction directing a verdict in their favor. The request was denied and the denial is assigned as error. Of course,

under such circumstances no such instruction should have been given because the defendants had not introduced any evidence to remove the inference of negligence which arose by reason of the evidence introduced by the plaintiff. We find no error in the record.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 5, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 3, 1930.