MARGARET A. LUDDEN *vs.* ANNIE SCHWARTZ.

Suffolk.   May 20, 1935. — June 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Landlord and Tenant*, Landlord's liability to tenant. *Negligence*, Invited person.

The landlord of an apartment building was not liable for injury to one of his tenants caused by the unsafe condition of a piazza which was part of another tenement and not under the landlord's control, though the tenant was a cotenant or licensee in using the piazza.

A tenant in an apartment building was not an invitee of nor engaged in the business of the landlord while, to save his own time and effort, he was using a portion of the premises not under the landlord's control to answer the call of a person inquiring as to a vacant apartment in the building.

TORT. Writ in the Municipal Court of the Dorchester District of the City of Boston dated February 27, 1933.

Upon removal to the Superior Court, the action was tried before *Macleod*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*F. I. Rose*, for the plaintiff.

*S. P. Sears*, (*E. R. Langenbach* with him,) for the defendant.

PIERCE, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff on January 4, 1933, in falling from the second-story piazza of a three-family house owned by the defendant in which the plaintiff was the tenant of suite No. 3. The pleadings are incorporated in the record but no question of pleading was raised at the trial. At the close of the plaintiff's case the parties stipulated that a verdict should be directed for the defendant on motion to be presented by the defendant, and that "if it appears in the Supreme Judicial Court that on the competent evidence admitted with the competent evidence offered but excluded, the case should have been submitted to the jury, judgment shall be entered for the

plaintiff in the sum of $3,000 and costs; otherwise, final judgment for the defendant." Thereupon the defendant presented the motion, and, subject to the plaintiff's exception and in accordance with the stipulation, a verdict was ordered for the defendant.

The record contains all the material evidence. The jury were warranted in finding the following facts: On August 17, 1932, the plaintiff became a tenant of the defendant of the third floor apartment of a three-family tenement house, in Somerville, which was owned by the defendant. There was no piazza in connection with the third floor, but at the time of the letting the defendant told the plaintiff that she "could have the use of" the second story piazza; that "Mrs. Murphy, the tenant of suite No. 2, and . . . [the plaintiff] could have the use of the piazza together." The tenant of suite No. 2, Mrs. Murphy, before the letting to the plaintiff and at the time of the letting stated to the defendant and to the plaintiff that it was all right for her to use the veranda, and thereafter the plaintiff shared its use with Mrs. Murphy. There is no testimony in the record that any persons other than Mrs. Murphy, the plaintiff and the plaintiff's niece used the piazza in any way or at any time, and there was undisputed evidence that Mrs. Murphy and the plaintiff and her niece made common use of the piazza. The piazza was shut off from a common hallway on the second floor by a door looking on the piazza which was open the day the defendant rented the apartment to the plaintiff, and was pointed out to the plaintiff as a place "I could have the use of." Sometime in the fall of 1932, Mrs. Murphy vacated her apartment on the second floor and the defendant offered to pay the plaintiff $5 if she would rent the vacant rooms. After the offer there were many calls with regard to the second floor apartment which the plaintiff and her niece answered. On the day of the accident there had been several calls and when another ring came the plaintiff, instead of going down the two flights, descended to the second floor, stepped out on the piazza, calling out, "Who's there?" and intended to show the rooms or answer inquiries if the caller was a

prospective tenant. It was then that the plaintiff touched the rail and it collapsed, causing her to be thrown to the ground.

On the above facts it is plain that the plaintiff was a tenant of the third floor suite, and a tenant in common with Mrs. Murphy of the piazza or, if not tenant, a licensee of the use of the piazza in common with Mrs. Murphy and with the consent of Mrs. Murphy, assuming the use of the piazza was a right which appertained to the use of the second floor apartment. It is settled that the plaintiff took the apartment in the condition it was in when it was rented. It is also true that she took the use of the piazza in the condition the piazza was in whether it was rented to be used in common with Mrs. Murphy, or whether its use rested merely in a license to use it in common with Mrs. Murphy. *Condon* v. *Winn*, 252 Mass. 146. In any view the piazza was not a part of the common hallway or connected with its use. We think the jury could not have found that the piazza remained in the control of the defendant, as was the fact in the case of *Sordillo* v. *Fradkin*, 282 Mass. 255, 256. The rule that the owner of such an easement is bound to keep it in such condition and repair as may be necessary for the enjoyment of the easement is not here applicable. *Prescott* v. *White*, 21 Pick. 341. *Condon* v. *Winn*, 252 Mass. 146, 148. The plaintiff was not an invitee of the defendant, and was not engaged in the defendant's business when injured in the sense that the defendant owed a duty to the plaintiff, beyond any duty owed her as tenant, to keep the premises in a reasonably safe condition while the plaintiff was answering calls of prospective tenants of the defendant and was using the piazza to save her own time and effort and not in the interest of the defendant. The verdict for the defendant was ordered rightly.

*Judgment for the defendant.*