[Civ. No. 10165. First Appellate District, Division One.—May 18, 1937.]

DOLLY MINTZER, Appellant, v. ROBERT A. WILSON et al., Respondents.

Merryl C. Shaver for Appellant.

O'Connor, Fitzgerald & Moran for Respondents.

KNIGHT, J.—The trial court granted defendants' motion for a directed verdict, and from the judgment entered thereon plaintiff appeals.

The action was for damages for personal injuries resulting from an accident which happened in the Von Dorn Hotel in San Francisco. Plaintiff had been a paid guest therein for approximately a month, and was assigned to and occupied a room on the fourth floor. Shortly before 4 o'clock in the morning while she was asleep in the bed in her room an area of the plastered ceiling weighing thirty or forty pounds and about three or four feet in diameter fell on the bed, striking her on the body and legs, and causing severe and painful injuries, which developed symptoms of phlebitis and required hospitalization and considerable subsequent medical treatment. Besides establishing the facts above narrated, plaintiff introduced testimony showing that for some time prior to the accident the plaster had been falling from the ceiling in other places in the hotel, and that defendants knew thereof and had repaired the same; that some had fallen in the hallway on the fourth floor near the room to which plaintiff had been assigned. Defendants. offered no evidence to

explain the cause of the accident, the only witnesses produced by them being medical experts whose testimony was confined to the question of the severity of plaintiff's injuries.

A motion for a directed verdict is in the nature of a demurrer to the evidence, and is governed by practically the same rules. All evidence adduced on behalf of the party against whom the motion is granted, and all fair and reasonable inferences to be deduced therefrom, must be taken as true (*Hunt* v. *United Bank & Trust Co.*, 210 Cal. 108 [291 Pac. 184] ; *Butler-Veitch, Inc.*, v. *Barnard*, 77 Cal. App. 709 [247 Pac. 597] ) ; therefore unless it can be said as a matter of law that no other reasonable conclusion than the one adopted by the trial court is legally deducible from the evidence, and that any other holding would be so lacking in evidentiary support that an appellate court would be impelled to reverse it upon appeal, or the trial court to set it aside, it must be held on appeal that the court erred in taking the case from the jury and itself rendering the decision. (*Umsted* v. *Scofield Engineering Const. Co.*, 203 Cal. 224 [263 Pac. 799] ; *Mairo* v. *Yellow Cab Co.*, 208 Cal. 350 [281 Pac. 66].)

It is evident that the trial court erred in taking the present case from the jury, for the reason that the case is obviously one wherein plaintiff was entitled to the benefit of the doctrine of *res ipsa loquitur*, which in itself established an inference of negligence. (*Morris* v. *Zimmerman*, 138 App. Div. 114 [122 N. Y. Supp. 900] ; *Halterman* v. *Hansard*, 4 Ohio App. 268.) In each of the cases just cited, as here, the plaintiff was injured by falling plaster while occupying a hotel room to which the plaintiff had been assigned; and as the court there said in applying the doctrine of *res ipsa loquitur*, plaster does not ordinarily fall from properly constructed ceilings; and therefore proof of the fact that a plaintiff has been injured by falling plaster while occupying a hotel room to which he had been assigned is legally sufficient to establish a *prima facie* case of negligence. If the accident is due to some external cause for which the innkeeper is not responsible, it is incumbent on him to explain it. So far as our attention has been called, no case identical in its facts has thus far arisen in this state, but it is held generally that the doctrine of *res ipsa loquitur* applies in cases of personal injuries caused by objects falling from buildings and other structures (*Ellis* v. *Owen Roofing Co.*,

6 Cal. App. (2d) 25 [43 Pac. (2d) 558]; *Cooper* v. *Quandt*, 105 Cal. App. 506 [288 Pac. 79]; *Michener* v. *Hutton*, 203 Cal. 604 [265 Pac. 238, 59 A. L. R. 480]; *Harvey* v. *San Diego Elec. Ry. Co.*, 92 Cal. App. 487 [268 Pac. 468]); and there would seem to be far more reason for the application of the doctrine in a case such as we have here because of the existence of the relationship between the parties, which charges the innkeeper with liability for all injuries occurring to his guests from latent defects in the premises. (14 Cal. Jur. 326.) The case of *Wadleigh* v. *Bumford*, 229 Mass. 122 . [118 N. E. 265], cited by defendants, is not in point because it is not an innkeeper case. It involves the relationship of landlord and tenant, in which a different rule of liability is held to apply. (15 Cal. Jur. 704.)

■ Defendants contend that plaintiff pleaded specific acts of negligence and therefore is precluded from invoking the doctrine of *res ipsa loquitur*. There is no merit in the contention. The complaint alleged merely that the ceiling "was of a faulty construction and its condition had been allowed to become defective and unsafe by the defendants through their failure to properly operate, manage, control and maintain said building in which said hotel was conducted". As will be noted, the foregoing allegations do not attempt to explain or set out in detail wherein the construction of the ceiling was faulty, nor to state specifically the reason why it fell. The allegations are therefore nothing more than general allegations of negligence. (*Lejeune* v. *General Petroleum Corp.*, 128 Cal. App. 404 [18 Pac. (2d) 429].) ■ However, in any event, the well-settled rule is that allegations of specific acts of negligence do not deprive a plaintiff of the benefit of the doctrine of *res ipsa loquitur* so far as those specific acts of negligence are concerned. They merely limit plaintiff's right of recovery to the acts pleaded and the defendant is relieved from the burden of disproving or meeting any other negligent acts than those alleged (*Atkinson* v. *United Railroads*, 71 Cal. App. 82 [234 Pac. 863]; *Armstrong* v. *Wallace*, 8 Cal. App. (2d) 429 [47 Pac. (2d) 740]), and in the present case the evidence introduced by plaintiff in support of her case was confined to the elements of negligence pleaded.

■ Defendants further contend that the doctrine of *res ipsa loquitur* is not available where the injuries could have been occasioned by two causes, for one of which defendant

is responsible, but not for the other; that such doctrine is to be applied only when the nature of the accident itself not only supports the inference of defendants' negligence but excludes all others (citing *Olson* v. *Whitthorne & Swan,* 203 Cal. 206 [263 Pac. 518, 58 A. L. R. 129], and *White* v. *Spreckels,* 10 Cal. App. 287 [101 Pac. 920]). And in this connection defendants suggest in their brief that any number of external elements might have caused the plaster to fall, none of which could be attributed to defendants' negligence, for example, an earthquake, or the activities of guests in the room above or plaintiff's own activities, or, as one of plaintiff's witnesses stated, by ''jolts from street cars, vibrations of the house''.

As pointed out, however, in the case of *Lejeune* v. *General Petroleum Corp., supra,* wherein the authorities upon the subject are analyzed, including *Olson* v. *Whitthorne & Swan, supra,* and *White* v. *Spreckels, supra,* the rule which defendants seek to have applied is not the law. As held therein the doctrine of *res ipsa loquitur* is not limited to cases where the nature of the accident not only supports the inference of defendants' negligence but excludes all others; and even though two or more inferences may reasonably be drawn from the facts, which leaves doubtful the question of whether the ultimate cause of the injury is the defendants' negligence, the issue is still one of fact to be determined by the jury from all the evidence in the case. ▮ Furthermore, there was no evidence whatever in the present case of any earthquake; and none of the other causes suggested would exculpate defendants from responsibility, because obviously the operation of a hotel wherein the ceilings of the rooms are in such condition that they are likely to fall as the result of ordinary vibrations caused by the activities of hotel guests, or passing street cars or automobiles, would constitute negligence.

▮ Defendants also contend that in any event the inference of negligence established by the doctrine of *res ipsa loquitur* was overcome in the present case by the testimony of one of plaintiff's witnesses. But this, too, was a question of fact which should have been left to the determination of the jury. As said in *Michener* v. *Hutton, supra,* it is for the jury to determine from all the evidence in the case whether the defendant has successfully met and rebutted the *prima facie* case made out by the plaintiff in an action

wherein mere proof of the happening of the accident and the circumstances surrounding it give rise to an inference of negligence; and the inference of negligence created by the application of the doctrine of *res ipsa loquitur* constitutes evidence which may not be disregarded by the jury, but is to be weighed and considered as against the evidence adduced by the defendant in rebuttal thereof. The witness in question was a plasterer, hired by defendants subsequent to the accident to repair the hotel ceilings, including the one in the room in which plaintiff was injured; and on cross-examination he admitted having stated to defendants' counsel, long after the repair jobs had been completed and the commencement of the action, that at the time the repairs were made he was not able to detect any faulty construction of the ceiling in this particular room. But on direct examination he testified that the ceilings in the hotel were not lathed; that the ceiling plaster had been applied in uneven thicknesses to the underside of the concrete flooring, and that some of the surfaces to which it was applied were smooth, as if the concrete had been poured on the smooth side of the board frames; that he did not remember whether the surface of the ceiling of the room in question was smooth or rough; that if the plaster became loose on account of the smoothness of the surface to which it had been attached it would of course fall, but that he did not know what caused it to fall in this particular room. It will be seen, therefore, that at the most his testimony went no further than to raise a conflict on the point at issue. (*Harvey* v. *San Diego Electric Ry. Co., supra.*)

Irrespective of the questions above discussed, the trial court, in our opinion, committed prejudicial error in refusing to allow one of plaintiff's witnesses to testify in the case. In this regard it appears that at the morning session of court an order was made excluding all witnesses from the courtroom except the one on the witness stand. The witness in question was subpoenaed for the afternoon session, and evidently being unaware of the rule excluding witnesses, he entered the courtroom and remained therein until called as a witness. Counsel for plaintiff was unacquainted with the witness, and unaware of his presence in the courtroom. After the witness took the stand and was asked certain preliminary questions relating to the issues of the case, defendants objected to his giving any further testimony upon the

ground that he had disobeyed the court's instructions. The objection was sustained, and plaintiff was deprived of the witness' testimony. As held in *People* v. *Boscovitch*, 20 Cal. 436, and *People* v. *Mack*, 115 Cal. App. 588 [2 Pac. (2d) 209], disobedience of the court's order to remain outside the courtroom until called as a witness may subject a witness to punishment for contempt, but such disobedience does not constitute ground for the exclusion of his testimony. (To the same effect see 64 Cor. Jur. 121.) ▇ Defendants contend that plaintiff is not in a position to complain of the matter because she took no exception to the trial court's ruling, and did not state what she intended to prove by said witness. Neither point is well taken. Section 647 of the Code of Civil Procedure provides that ''a ruling sustaining or overruling an objection to evidence'' is deemed to have been excepted to; and it appears from the preliminary questions propounded to the witness and his answers thereto that his testimony would have been material; moreover, the record discloses that counsel for plaintiff sought to explain in open court, and evidently for the purposes of the record, the materiality of the testimony the witness was about to give, but he was not allowed to do so.

Upon the grounds and for the reasons stated, the judgment is reversed.

Tyler, P. J., and Cashin, J., concurred.