Pettingell, J.
Action of tort in which a tenant sues her landlord to recover for personal injuries received when a portion of the kitchen ceiling fell upon the plaintiff. There was a finding for the plaintiff. The report states that it contains all the evidence material to the questions reported.
The defendant requested two rulings which raise the issue of the sufficiency of the evidence to prove negligence on the part of the defendant.
The evidence contained in the report is to the effect that prior to the tenant’s occupancy of the premises the apartment was “renovated” and the ceilings were “whitened or calcimined”; that the kitchen ceiling leaked whenever it rained, notification of this condition being given the defendant ; that the ceiling in question was not repaired dur *502 ing the plaintiff’s occupancy; that the ceiling did not in any way change in appearance prior to the accident; that on the day of the accident, the ceiling fell without warning ; that the portion of the ceiling which fell had tacks in the plaster “which were also described as buttons about the size of quarter”. There was no other evidence relating to the condition of the premises or to the relations of the parties or their dealings with one another.
The trial judge filed the following statement:
“This is an action of tort. The plaintiff with her husband occupied an apartment on the top floor of a building owned by the defendant. Before the occupancy the kitchen ceiling was repaired by the defendant or its agent. I find that the repairs made on the ceiling of the plaintiff’s premises were done neg- . ligently, causing plaster to fall on the plaintiff and injuring her, and that the manner in which the ceiling was repaired and left, constituted a concealed defect, known to the defendant or its agent, and of which the plaintiff had no knowledge. No exceptions to rulings were taken during the trial.”
He also allowed the defendant’s fourth requested ruling, “That a tenant tabes the premises as he finds it” with the comment, “except as to hidden defects”.
It is apparent from a study of the facts found by the trial judge that he proceeded on the theory that the landlord would be liable to the tenant if the landlord negligently made repairs and the injury was caused by that negligence. By his finding, however, that the ceiling was repaired before the occupancy of the plaintiff and her husband, and that the repairs then made were made negligently, he took, the case out of the rule he had in mind, because the liability for repairs negligently made exists only when there is a duty to repair, Galvin v. Beals, 187 Mass. 250, at 252. A landlord does not owe a duty in making repairs to one who is not yet a tenant. There can be no negligence unless there is a duty. Bergeron v. For *503 est, 233 Mass. 392, at 399. There is, in the case at bar, no evidence of any request for repairs, or of any agreement to make repairs, as a part of the agreement for a tenancy, or during the tenancy, and the report states that there was evidence from the plaintiff that no repairs were made during the tenancy. If the repairs were made negligently before the tenancy began, and without any agreement to repair, the rule of caveat emptor applied, and the tenant took the premises in the condition in which they were. Bowe v. Hunking, 135 Mass. 380, at 385, 386; Cowen v. Sunderland, 145 Mass. 364; Galvin v. Beals, 187 Mass. 250, at 252, 253; Conahan v. Fisher, 233 Mass. 234, at 238, 239; Bergeron v. Forest, 233 Mass. 392, at 398, 399; Stumpf v. Leland, 242 Mass. 168, at 174, 175; Condon v. Winn, 252 Mass. 146, at 148; Giorgio v. DiLiegro, 285 Mass. 383, at 386, 387.
The case is not within the “hidden defect” rule. To render a landlord liable under that rule, it must be shown that the landlord knew of the existence of the hidden defect; “there can be no such duty without a knowledge of the defect”. Bowe v. Hunking, 135 Mass. 380, at 383; Cowen v. Sunderland, 145 Mass. 363, at 365; O’Malley v. Twenty-Five Associates, 178 Mass. 555, at 558; Mansell v. Hands, 235 Mass. 253, at 255; Stumpf v. Leland, 242 Mass. 168, at 175; Condon v. Winn, 252 Mass. 146, at 148.
The finding of the trial judge that the repairs made before the tenancy were made negligently does not show that the defendant had knowledge of the actual situation. One may be negligent and not know or appreciate the consequences of his action. It may be imprudent and unwise to make repairs in a certain way, being contrary to the experience of normal mankind, and yet the consequences of such conduct may be beyond the knowledge and understanding of the actor. His liability may exist because he should have known.
*504 A more concrete disposition of this part of the case may be found in the fact that there is nothing in the report to justify the finding that the “kitchen ceiling was repaired by the defendant” or that the repairs when made were made negligently. “Renovation” and the “whitening” or “calcimining” of a ceiling do not necessarily include the replastering of a ceiling. No evidence is recited which shows what the renovating included, who made the repairs, how or in what manner they were made, or in what particular they were made negligently. The trial judge could not find that they were negligently made from the fact that the ceiling fell, as he bound himself by giving the defendant’s second requested ruling “That the mere occurrence of an accident raises no presumption against the defendant”. If that ruling means anything it means that no inference could be drawn against the defendant from the fact that the ceiling fell.
There remain the “tacks” in the plaster. We do not understand from that reference whether tacks were sown in the plaster when it was made or whether an attempt had been made to support the plaster by tacking it in place. There is, however, absolutely no evidence that the defendant was responsible for the presence of the tacks, or that he knew that they were there. As has been pointed out, knowledge of such a condition is necessary to fasten liability upon a landlord.
For cases in which the liability of landlords for ceilings is considered, see Wadleigh v. Bumford, 229 Mass. 122, at 123; Rosen v. Burnham, 272 Mass. 583, at 586; London Tobacco Co. Inc. v. Freeman, 280 Mass. 368, at 370, 371.
There was prejudicial error in the denial of the defendant’s first and third requested rulings. There being no evidence upon which breach of any duty owed by the defendant to the plaintiff could be found, the finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.