**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1515
_____

UNITED STATES OF AMERICA

v.

KAPRI DRAYTON,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:18-cr-00529-001)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 19, 2019
_____

Before:  CHAGARES, MATEY, and FUENTES, <u>Circuit Judges</u>.

(Filed: November 21, 2019)

_____

OPINION[*]
_____

_____

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Appellant Kapri Drayton pled guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). At sentencing, Drayton's U.S. Sentencing Guidelines calculation was undisputed: 101 to 111 months. He asked for a downward variance, arguing for a sentence of 80 months of imprisonment. He was sentenced to 110 months of imprisonment — one month below the top of his Guidelines range. Drayton now appeals that sentence as both procedurally and substantively unreasonable. For the following reasons, we will affirm.

I.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Generally, we review both the procedural and substantive reasonableness of a sentence for abuse of discretion. United States v. Merced, 603 F.3d 203, 214 (3d Cir. 2010). However, given that Drayton failed to object to procedural reasonableness at sentencing, we review his procedural claims for plain error. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). "The plain error test requires (1) an error; (2) that is clear or obvious[;] and (3) affected the defendant's substantial rights . . . ." United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017) (quotation marks omitted). If these requirements are met, we will exercise our discretion to correct the forfeited error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quoting Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016)).

2

Drayton argues that his sentence was procedurally unreasonable because the District Court did not sufficiently explain its sentencing decision. Specifically, Drayton contends that the District Court merely listed the mitigating and aggravating evidence but failed to explain "how the evidence was weighed in relation to" the 18 U.S.C. § 3553(a) factors. Drayton Br. 15. This argument fails.

In sentencing a defendant, district courts must "acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." Flores-Mejia, 759 F.3d at 256. But how a district court does that is a matter of "professional judgment." Rita v. United States, 551 U.S. 338, 356 (2007). "Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." Id. at 357.

After properly calculating Drayton's Guidelines range and asking if the parties had any departure motions, the District Court considered Drayton's variance motion. Appendix ("App.") 255–56. In so doing, the District Court explicitly and thoroughly considered the circumstances and nature of Drayton's crime; his medical history, including his ADHD diagnosis and substance use and abuse; the extent of his criminal history; his gambling issues; his upbringing and family situation; and his work history. App. 267–74. The District Court recognized Drayton's "limited social support," his exposure to "trauma, violence, and death" as a child, and his "significant history of behavioral dysfunction, substance abuse, difficulties in interpersonal relationships, coupled with having a great portion of adolescence and youth incarcerated." App. 270.

The District Court, however, also acknowledged the crime's "horrific" and "violent" nature, as well as the need for deterrence and to protect the public. App. 271–72. The record thus contradicts Drayton's contention that the District Court failed to take into account Drayton's "extensive mitigation package" because it "failed to explain how it weighed and why it rejected the substantial mitigation evidence." Drayton Br. 12, 17. The record does not indicate that the District Court failed to consider Drayton's arguments, but rather, that it found these arguments to be "insufficient to warrant a sentence lower than the Guidelines range." Rita, 551 U.S. at 358. We conclude, therefore, that Drayton's sentence was procedurally reasonable, and we see no error, let alone plain error.

Drayton next argues that his sentence was substantively unreasonable because his sentence of 110 months is greater than necessary to fulfill the goals of sentencing. This argument also fails. In evaluating substantive reasonableness, we consider "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). And "we will affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Id.

As stated above, the District Court considered the mitigating evidence that Drayton presented. The District Court also explained, however, that it was "extremely moved by the videotape [of the crime] which depicted a horrific scene, a violent scene."

4

App. 271.  It described Drayton's role in the offense, that he had "brandished a semi-automatic handgun, [and] ordered the employees and the customers to the ground," causing at least one victim to experience ongoing troubles as a result of the robbery, including "nightmares" and social anxiety.  App. 271–72.  The District Court recognized Drayton's criminal history, including "terroristic threats" and simple assault, and that "[f]ollowing his release and parole, [he] continued his unlawful ways by committing this offense."  App. 273.

The District Court carefully weighed the seriousness and circumstances of Drayton's crime along with his upbringing, family history, criminal history, and medical history.  It also explained the need to further "general and specific deterrence to protect the public from individuals such as [Drayton]."  App. 272.  And "[l]ooking at the totality of the circumstances" and considering the § 3553(a) factors, the District Court determined that a 110-month imprisonment term — a within-Guidelines range sentence — was warranted.  App. 274.  Considering the record as a whole, Drayton's sentence was within the range of reasonable sentences, and we cannot conclude that "no reasonable sentencing court would have imposed the same sentence."  Tomko, 562 F.3d at 568.

III.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

5